## Jackson, Appellant, *v.* Gunton.

*Sheriff's sale—Sheriff's return—Sheriff's deed—Contradiction of return.*

It is not a contradiction of a sheriff's return to show that the person returned as the purchaser at the sale was buying for other parties than himself.

The fact that the sheriff's deed was made to the parties who furnished the purchase money, and not to the purchaser named in the return, especially when acquiesced in for nearly fifty years, gives rise to a strong presumption that it was so done by the appointment of the purchaser in execution of the trust.

*Deed—Presumption—Quitclaim deed—Deed by surviving partner.*

A quitclaim deed for the consideration of $1.00 was executed by the surviving partner of a partnership, in which deed the grantor was described as the party of the first part. The thing conveyed was, "all the interest of the party of the first part in and to the assets or partnership property of the late firm . . . . being the surviving partner" of said firm, "said interest consisting of notes, judgments, mortgages, bills, book accounts, and other evidences of debt, as well as of goods, chattels, lands and tenements . . . . together with all rights of the said grantor as surviving partner to make deeds, and other instruments of writing necessary to execute in winding up and settling said partnership." *Held*, (1) that the deed conveyed the individual interest only of the grantor in the partnership assets; (2) that the deed was properly construed in an action of trespass to support the contention that there were interests outstanding other than that of the grantor named in the deed.

Argued March 18, 1907.   Appeal, No. 235, Jan. T., 1906, by plaintiffs, from judgment of C. P. Sullivan Co., Sept. T., 1901, No. 51, on verdict for defendant in case of W. W. Jack-

son and Blanche W. Sturdevant, Trustees for the devisees of George D. Jackson, deceased, and W. W. Jackson, Administrator d. b. n. c. t. a. of the Estate of George D. Jackson, deceased, v. Walter B. Gunton. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Trespass for an alleged illegal mining of coal. Before TERRY, P. J.

From the record it appeared that the land in controversy was situated in Cherry township Sullivan county.

The facts are stated in the opinion of the Supreme Court. See also 26 Pa. Superior Ct. 203.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1) in admitting in evidence under objection and exception the sheriff's deed to J. Jackson & Son; (2) in excluding plaintiffs' offer in rebuttal of the deed of B. Rush Jackson to George C. Jackson and others.

*Seth T. McCormick*, with him *Alphonsus Walsh* and *E. J. Mullon*, for appellant.—The return of service of a writ by the sheriff is conclusive and cannot be contradicted or set aside in a collateral proceeding: Levan v. Millholland, 114 Pa. 49; Benwood Iron Works v. Hutchinson, 101 Pa. 359; Bennethum v. Bowers, 133 Pa. 332; MacGeorge v. Mfg. Co., 141 Pa. 575; Deacle v. Deacle, 160 Pa. 206; Weyand v. Tipton, 5 S. & R. 332; Garner's App., 1 Walk. 438; Brechted v. Cortright, 13 Pa. Superior Ct. 384; Gibson v. Winslow, 38 Pa. 49; Stewart v. Freeman, 22 Pa. 120; Slater's App., 28 Pa. 169; Small v. Hodgen, 1 Litt. (Ky.) 16.

The surviving partner has power to sell partnership real estate as long as the affairs of the partnership have not been finally liquidated and settled up: May v. Troutman, 4 Pa. Superior Ct. 42; Title & Trust Co. v. Bell, 188 Pa. 637; Hayes v. Treat, 178 Pa. 310; DuBree v. Albert, 100 Pa. 483; Hanna v. Wray, 77 Pa. 27; Shipe's App., 114 Pa. 205.

*Rodney A. Mercur*, with him *Rush J. Thomson* and *Albert F. Heess*, for appellee.—The delivery of the deed by the sheriff after it has been properly acknowledged, the sale confirmed

and the purchase money paid, vests the title in the purchaser: Evans v. Maury, 112 Pa. 300; Media Title & Trust Co. v. Kelly, 185 Pa. 131; Lengert v. Chaninel, 208 Pa. 229; Copeland v. Mehaffey, 6 Pa. Dist. Rep. 167; Sipp v. Insurance Co., 8 Pa. Dist. Rep. 283.

The quitclaim shows it was both executed and acknowledged by the grantor as an individual, and not as a surviving partner. The certificate of acknowledgment is a judicial act, to be judged of solely by what appears on the face of it: Jamison v. Jamison, 3 Wharton, 457; Com. v. Haines, 97 Pa. 228.

Except in cases of fraud and duress, the official certificate of acknowledgment is conclusive of every material fact on its face: Williams v. Baker, 71 Pa. 476; Heeter v. Glasgow, 79 Pa. 79; Singer Mfg. Co. v. Rook, 84 Pa. 442; Hornbeck v. Building & Loan Assn., 88 Pa. 64; Cover v. Manaway, 115 Pa. 338; Cressona Saving Fund, etc., Assn. v. Sowers, 134 Pa. 354; Carr v. Frick Coke Co., 170 Pa. 62.

OPINION BY MR. JUSTICE STEWART, May 20, 1907:

The record of the execution proceedings on which this land was sold shows that George D. Jackson, plaintiff in the execution, was purchaser; the sheriff's return so states. But the sheriff's deed for the premises is to J. Jackson & Sons, a partnership of which the said George D. Jackson was a member. On the trial of the case this deed was offered in evidence by defendants, and coupled with it was an offer to show that while George D. Jackson was the nominal plaintiff in the execution upon which the property was sold, the consideration money for the assignment of the claim which made him a judgment creditor was paid out of the funds of the partnership of which he was a member; in other words, that the debt upon which the property was sold, was due the partnership, not George D. Jackson individually. The purpose of the offer was to show an outstanding interest in the premises in others than the plaintiffs, who represented only the interest of George D. Jackson, then deceased. The same question here presented arose on a former trial of the case. The offer was there refused; but the Superior Court disapproved. On the last trial it was admitted in accordance with the ruling of the Superior Court, and the matter is now before us for review.

We are of opinion that the evidence was admissible. Had the deed from the sheriff, following the return, been made to George D. Jackson, it would have been competent nevertheless for the defendants to show that the grantee in the deed was not in point of fact the owner, but simply a trustee for those entitled to the beneficial ownership. The ground of objection is that the deed contradicts the sheriff's return, and that the latter is conclusive. The latter half of this proposition may be regarded as axiomatic; the first is an assumption that cannot be sustained. How is it a contradiction of a sheriff's return to show that the person returned as purchaser was buying for other parties than himself? Certainly that would be no impeachment of the return: it would involve no denial, but would imply rather an acceptance of its correctness and validity. That George D. Jackson was the purchaser, and that the return in his name is correct, was not disputed. What was attempted to be shown was that although the purchaser, he was acting for the partnership of which he was a member. Such fact would result by legal implication, payment of the purchase money by the partnership having been shown: Erwin's Appeal, 39 Pa. 535; Lefevre's Appeal, 69 Pa. 122. The fact that the deed was made to the parties who furnished the purchase money and not to the purchaser named in the return, especially when acquiesced in for nearly fifty years, would give rise to a strong presumption that it was so done by the appointment of the purchaser in execution of his trust.

The land was unquestionably partnership property; it was purchased with partnership money, and was conveyed directly to the partnership. There is nothing to show that as between the partners it was ever regarded in any other light. Being an asset of an unsettled partnership, it was within the scope of the powers of the surviving partner, B. Rush Jackson, to dispose of it. The deed from him was objected to on the ground that it did not convey the interest of the partnership in the land, but simply the interest of the grantor as an individual. It was not proposed to supplement the offer of the deed with any evidence; and the effect of the deed being for the court, the question was properly enough raised on the offer, though the better plan would have been to admit the deed in

evidence and rule upon it afterwards. The grantor in the deed is B. Rush Jackson, designated as party of the first part. While surviving partner, he is not so indicated, though the fact afterward is mentioned in the deed. The thing conveyed is " All the interest of the party of the first part in and to the assets or partnership property of the late firm composed of Josiah Jackson, George D. Jackson and B. Rush Jackson, co-partners, trading under the firm name of J. Jackson & Sons, all the interest of the party of the first part in and to the assets of the partnership property of the late firm of Jackson Brothers, composed of George D. Jackson and B. Rush Jackson, the same grantor being the surviving partner of each of said firms or partnerships, said interest consisting of notes, judgments, mortgages, bills, book accounts, and other evi- dences of debt, as well as of goods, chattels, lands and tenements . . . . together with all rights of the said grantor as surviving partner to make deeds and other instruments of writing necessary to execute in winding up and settling said partnership." The deed is a quitclaim deed, and the consideration named is $1.00. From the features of the deed above indicated, we are to derive its import. The party of the first part is the individual B. Rush Jackson, unidentified in that connection as a surviving partner; the thing conveyed is all the interest of the said B. Rush Jackson in the partnership property. Any construction that would enlarge this description so as to embrace more than the individual interest of George D. Jackson must rest largely, if not entirely, upon the concluding words " together with all the rights of the said grantor as surviving partner to make deeds," etc. It is impossible to determine with any degree of certainty what the grantor here intended. A reference to the prior enumerated subjects of the conveyance is not to be supposed, for the deed operated on these, and as to them no other conveyance was necessary; least of all is it to be supposed that he was providing for the grantors to make deeds to themselves. If the reference be to the partnership property as distinguished from that specifically enumerated, it would follow that such property was not embraced in the general grant, and as to it nothing is given but a mere power to convey solely for partnership settlement. No matter how construed, it comes far short

of being an intelligible expression of a purpose to vest in the grantees title to the property and assets of the partnership. The other features of the deed referred to strongly negative any such purpose. The fact that the consideration mentioned in the deed is $1.00 is significant. While as surviving partner, B. Rush Jackson was invested with a power to sell, he could only sell for purposes of conversion. With his own individual interest he could do as he pleased, give it away if he so desired; but the interest of the firm in the land was an asset of the firm, and, if we are to judge from the amount claimed in this connection, a valuable one; this he could only sell as required for the purposes of the partnership; he could not give it away; and yet this latter is what he did, if we are to give such construction to the deed as appellants contend for, and the actual consideration paid was but $1.00. We cannot accept this view of his purpose without more convincing evidence than is disclosed in the deed. The fact that the conveyance is a quitclaim deed is consistent only with the view that nothing beyond the sale of his individual interest was contemplated. We think the construction placed on the deed by the learned trial judge was correct.

The assignments of error are overruled and the judgment is affirmed.