## Coll *v.* Westinghouse Electric & Manufacturing Company, Appellant.

*Negligence—Master and servant—Machinery—Change in construction of machine.*

1. Where an employer during the absence of an employee changes the construction of a machine and the employee on his return resumes his work without notice of the change, and while using the machine in a way which would have been attended with no risk whatever had the machine not been changed is injured, the employer is liable for the injury sustained. In such a case it is immaterial that the employee is a mature and experienced workman, or that the effect of the change was to reduce the risk of accident to the employees generally who worked upon the machine.

*Negligence—Statement of claim—Amendment.*

2. In an action of trespass to recover damages for personal injuries sustained by an employee at a machine which had been changed during his absence and without his knowledge, an amendment to the statement of claim may be allowed more than two years after the accident which does not change the negligence charged, viz., failure to give notice of the change in the machine, but merely sets forth more accurately the effect produced by the change in its relation to the accident.

Argued Oct. 24, 1910. Appeal, No. 18, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1901, No. 719, on verdict for plaintiff in case of F. B. Coll v. Westinghouse· Electric & Manufacturing Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FORD, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.—Generally speaking, Coll was not entitled to notice or instruction with regard to anything, because he was an experienced machine hand, of mature years. The duty to warn and instruct applies only to the young and inexperienced: Melchert v. Smith Pale Ale Brewing Co., 140 Pa. 448; Bellows v. R. R. Co., 157 Pa. 51.

A fatal and material defect in the pleadings cannot be corrected after the statute of limitations has become a bar: Martin v. Pittsburg Railways Co., 227 Pa. 18; Mahoney v. Park Steel Co., 217 Pa. 20; to the same effect also are: Wright v. Hart, 44 Pa. 454; Smith v. Smith, 45 Pa. 403; Trego v. Lewis, 58 Pa. 463; Fairchild v. Dunbar Furnace Co., 128 Pa. 485; Grier v. Northern Assurance Co., 183 Pa. 334.

*F. C. McGirr,* of *Marron & McGirr,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 3, 1911:

The plaintiff had been in defendant's employ a month or more before he received his injury. During this period, by occasional use of a certain sawing machine in the shops of the defendant, he had become familiar with its construction and the method of operating it. While absent several days from his work, the defendant changed the construction of the machine, with a view to make it more convenient and easier to operate. No notice of this change was given to the defendant. When he resumed his work, and while using the machine in a way which would be attended with no risk whatever had the machine not been changed, he received his injury. The verdict involves a distinct finding that the plaintiff was without notice or knowledge of the change; that ordinary care and prudence on his part would not have discovered the change; and that no negligence of his contributed to the injury. The learned trial judge held that the defendant having made the change in the machine, a duty rested upon it to advise the plaintiff of the fact. This is com-

plained of as error on several grounds. First, because the duty to instruct and warn arises only where the employee is young and inexperienced. This calls for no discussion. Whenever and wherever an employee is by the act of the employer exposed to a new danger in the performance of his work, except as the danger is discoverable by the exercise of ordinary care and prudence on the part of the employee, a duty rests on the employer to give notice of the change made. The law as stated by Labatt in his work on Master and Servant, sec. 28, p. 64, is as follows: "If new functions are imposed upon an instrumentality by the master himself or his representative, and the servant is thereby exposed to undue risks, the master must answer for any injury resulting from those risks, and cannot excuse himself by showing that the instrumentality was a suitable one for the performance of the work for which it was originally supplied." Second, because the effect of the change made in this case was to reduce risk of accident to the employees generally who worked upon the machine. Admitting this to be a fact proved, its immateriality is manifest. The complaint is not that the machine was defective, or that it was not by the change made as safe an instrumentality as could be devised for the purpose, for the general employees; but that it was rendered unsafe for this particular employee who, without notice of the change, had a right to suppose that he encountered no risks in operating it other than those to which he was exposed when operating the machine before the change was made. If he had notice or knowledge of the change, the injury here received could only be referred to a deliberate purpose on his part to mutilate himself. The fact that the plaintiff was a skilled workman has nothing to do with this aspect of the case. The jury found that though skilled, the accident happened through no neglect of duty on his part. The law that the trial judge applied to the case is correct both on principle and authority.

In the statement of the cause of action the machine was

described as a table on which there were two circular saws, attached to the same shaft, so that one could not be raised or dropped without the other; and after averring that a change had been made by cutting the shaft on which the saws were set so that the saws could operate separately, the statement continues—that plaintiff "after using the cross cut saw to cut the lumber, lowered the said saw below the surface of the table, and supposed as had always been the case before that the rip saw had also been lowered." More than two years after the accident occurred, plaintiff was permitted against objection to amend the statement as follows, "Instead of alleging that one saw could not be raised or dropped without the other, to amend by saying one saw could not be started or stopped without the other. Also instead of saying he lowered the said saw below the surface of the table, and supposed as had always been the case before that the rip saw had also been stopped, to amend by saying "he stopped the said saw and supposed as had always been the case before, that the rip saw had also been stopped." The allowance of the amendment is complained of on the ground that it changed the cause of action. We cannot so regard it. The amendment charged the same negligence as that set out in the original statement—failure to give notice of the change made in the operation of the machine. It did not assign any different cause of the injury, but was simply a restatement of the fact that the change of the machinery was a cutting of the shaft at a point between the saws which caused them to elevate and depress independently, setting forth more accurately the effect produced thereby in its relation to the accident. There was no error in allowing the amendment. The assignments of error are overruled and the judgment is affirmed.