## Wessling, Appellant, *v.* Latkanich et al.

Argued October 16, 1940. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*M. E. Evashwick*, of *Seif, Evashwick & Best,* for appellant.

*Leo A. Nunnink,* with him *Francis A. Wolf,* for appellee.

OPINION BY HIRT, J., April 16, 1941:

In this an action in trespass plaintiff's statement described his injuries as follows: "He was injured in, on, and about the back, head, and hips. The muscles, nerves, ligaments, ducts, and glands in, on, and about his eyes and the parts attached thereto and connected therewith have been seriously and permanently impaired. His shoulders, arms, hands, legs, and feet were injured. He suffered a definite injury to his right and left sacroiliac joints. His nervous system has been damaged." On trial, plaintiff offered to prove an injury to his back related to the injuries laid in his statement of claim. Defendant's objection to proof of this additional injury was sustained because of a departure from the averments of his pleading. Thereupon plaintiff moved to amend his statement to include averments of specific injuries to his neck as an additional element of damage chargeable to defendant's negligence. Defendant's objection to the amendment was sustained and this ruling, assigned as error, raises the controlling question on this appeal.

Plaintiff's cause of action arose on February 2, 1937 but it is unimportant that he did not move to amend until the trial on September 22, 1939, more than two years after his injury. It was then too late to introduce a new cause of action but an amendment which merely particularizes the extent of the injury relates to the original action without adding a new cause. Medical testimony in cases of this nature not infrequently develops evidence of obscure injuries unknown to the pleader and an amendment usually will be allowed during the trial of a case if the additional elements of

damages are substantial. The rights of a defendant who is surprised by the amendment and who is not prepared to meet the changed issue can be safeguarded by the withdrawal of a juror and continuance of the case.

Discretionary at common law (*Penna. & N. Y. Railroad Co. v. Bunnell*, 81 Pa. 414), the allowance of an amendment to a pleading, within the scope of §6 of the Act of March 21, 1806, 12 PS §531, became a matter of right and the refusal of the right to amend is subject to review on appeal. *Yost v. Eby*, 23 Pa. 327. Of course, after the statute of limitations has run, a plaintiff may not introduce a new cause of action (*Mumma v. Phila. & Reading Ry. Co.*, 275 Pa. 277, 119 A. 287) but he may amend by the introduction of an additional element or an added claim of damage arising from the same circumstances (*Armstrong & Latta v. Phila.*, 249 Pa. 39, 94 A. 455) or may amplify what has already been averred (*Spry et al. v. The F. U. M. F. Ins. Co. of Pa.*, 101 Pa. Superior Ct. 49) so long as the same negligence is charged as that set out in the original statement. *Coll v. Westinghouse E. & Mfg. Co.*, 230 Pa. 86, 79 A. 163. This is settled law as indicated by many authorities. Liberality is the first consideration in determining the right to amend where an amendment will enable the plaintiff to secure a just disposition of his case on all of its merits and does not change the cause of action. *Phila. v. Hestonville, Etc., R. R. Co.*, 203 Pa. 38, 52 A. 184; *Dickenson v. Belt Auto. Ind. Co.*, 82 Pa. Superior Ct. 520. "The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required:" *Goldberg v. Friedrich*, 279 Pa. 572, 124 A. 186. Plaintiff's motion to amend in the present case went no further than to include averments of an additional element of damages and to particularize the extent of

his injury; these injuries were identified with the negligence of defendant originally charged and did not introduce a new cause of action. *Severance, Appellant v. Heyl & Patterson,* 115 Pa. Superior Ct. 36, 174 A. 787. "When a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist:" *Rooney v. Maczko,* 315 Pa. 113, 172 A. 151, quoting from *New York Central & Hudson River R. R. Co. v. Kinney,* 260 U. S. 340.

Defendant's negligence was proven and it is conceded that plaintiff was not guilty of contributory negligence. Plaintiff, therefore, was entitled to recover and the only issue was the extent of his damage. In denying a new trial the refusal of the amendment was sought to be justified on the ground that plaintiff was not prejudiced. True, in the medical testimony there is some evidence of injury to the neck but whenever objected to, the testimony was excluded, and the jury were instructed to disregard it. Plaintiff's evidence of medical expense shows a total expenditure of $320.50; the jury awarded $200 only. This result gives some support to plaintiff's argument that by the court's ruling he was prevented from proving the full extent of his injuries. On the other hand it may be that a jury when all the facts are presented will conclude as defendant contends that plaintiff's disability following the accident is attributable to the natural progress of a condition unrelated to the injury. On any view, plaintiff was entitled to have this question passed upon by the jury in the light of all available testimony as to the nature and extent of the injury and the consequent damage.

The amendment was substantial and should have been allowed.

Judgment reversed with a procedendo.