## Arner, Appellant, *v.* Sokol.

588

Argued April 13, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*A. W. McMichael,* with him *Guy A. Bowe, Jr.,* for appellants.

*D. J. Boyle,* with him *John T. Pfeiffer, III,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 25, 1953: On February 17, 1947, at the intersection of Legislative Route No. 13006 and Route No. 443 in Normal Square, Carbon County, an automobile owned and op-

erated by the defendant, Andrew Sokol, came into collision with an automobile owned by the plaintiff Raymond Arner and operated by the wife-plaintiff Mary E. Arner. In their suit in trespass against Andrew Sokol, the Arners filed a complaint which averred that on the day in question, "after ascertaining that there were no vehicles travelling east or west on said Route No. 443, the Plaintiff, Mary E. Arner, entered said intersection, still travelling in a southwardly direction." She "continued to look as she passed over said Route No. 443 on her right or lawful side." Paragraph No. 12 declared that the defendant "made a left turn entering Legislative Route No. 13006 and was then travelling in a southwardly direction." The next 2 paragraphs read: "13. At the time and place aforesaid the Defendant drove his Chrysler automobile into the left rear of the automobile driven by the Plaintiff, Mary E. Arner, after she had completely crossed over said intersection. 14. As a result of said collision the car driven by the Plaintiff was knocked off the road to her right and over a culvert."

When the case came on for trial, the wife-plaintiff (the husband having died on October 11, 1949) offered to prove the averments in the Complaint but the defendant objected to the introduction of substantiating evidence, contending that the averments and the offer of proof did not make out a cause of negligence. The Court sustained the objection. The plaintiff then offered to amend the Complaint by adding: " 'That the accident was caused solely by the negligence of the Defendant, which negligence consisted in the following: 1. That Defendant was driving his car at a speed in excess of fifty miles per hour. 2. That Defendant was driving his car on the wrong or unlawful side of the highway. 3. That Defendant did not have his car under proper control so that he could stop in a safe and assured distance ahead.' "

The court sustained the defendant's objection to the amendment and entered a compulsory non-suit. The subsequent refusal of the court en banc to lift the non-suit has brought the case to this Court on appeal.

Although the plaintiffs' statement of claim was far from vivid in its description of the accident involved and was singularly devoid of the usual deprecatory charges of law violations levelled against the defendant in superlative and repetitive language, we cannot agree with the lower court that it did not "sufficiently describe, picture or visualize what actually happened." A careful reading of the Complaint reproduces in mental motion pictures the wife-plaintiff cautiously approaching a street intersection, looking to the right and left; and then, being assured of the absence of vehicles moving east or west on the transverse street, committing herself to the intersection; continuing to maintain a lookout for other vehicles as she guardedly negotiates the crossing; and after she has reached the other side of the crossing where she has the right to assume she is safe, the defendant suddenly appears, makes a left turn into her lane of traffic, and drives his Chrysler automobile into the left rear of her car. That the defendant's car was not travelling at a speed of safety required by the circumstances is evidenced by the violence with which he struck the plaintiff's automobile which "was knocked off the road to her [the plaintiff's] right and over a culvert." With the concluding paragraph: "Wherefore, the Plaintiffs, by reason of the aforesaid negligence of the Defendant, have suffered great damage, etc." the plaintiffs charge the defendant with such phases of legal negligence applicable to the traffic misconduct attributed to him in the statement.

Accepting as true the relevant facts averred in that statement and every inference fairly deducible there-

from, we conclude that the allegations are sufficient to state a cause of action. "The act or omission relied on as negligence must be alleged either in direct and positive terms, *or by setting out facts from which the fact of negligence can fairly and legally be inferred.*" 65 C.J.S., Negligence, §187, page 883. (Emphasis supplied.)

In *City of Birmingham v. Young,* 246 Ala. 650, 22 So. 2d 169, the Court there explained that: ". . . a general averment that 'all of her said injuries were proximately caused by the negligence of defendant in negligently permitting said open ditch to be and remain in said highway,' is a sufficient averment that such condition was known, or, in the exercise of reasonable care, would have been known to the city authorities."

Since the original Complaint sufficiently set forth a cause of action based on negligence, it followed that no new cause of action would have been introduced by the plaintiff's proposed amendment which merely specified the acts of negligence clearly inferable from the allegations of the original complaint. In *Miners Sav. Bank of Pittston v. Naylor et al.,* 342 Pa. 273, we stated: " 'The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?' "

In the instant case the answer would be "Yes" to all the questions, and it was, therefore, error for the Court not to permit the proposed amendment.

The right of amendment is well stated in *Wessling v. Latkanich,* 144 Pa. Superior Ct. 317: "Discretionary at common law (Penna. N.Y. Railroad Co. v. Bunnell, 81 Pa. 414), the allowance of an amendment to a pleading, within the scope of §6 of the Act of March

21, 1806, 12 PS §531, became a matter of right and the refusal of the right to amend is subject to review on appeal ... *Of course, after the statute of limitations has run, a plaintiff may not introduce a new cause of action ... but he may ... amplify what has already been averred* (Spry et. al. v. The F.U.M.F. Ins. Co. of Pa., 101 Pa. Superior Ct. 49) *so long as the same negligence is charged as that set out in the original statement.* Coll v. Westinghouse E. Mfg. Co., 230 Pa. 86, 79 A. 163 ... Liberality is the first consideration in determining the right to amend where an amendment will enable the plaintiff to secure a just disposition of his case on all of its merits and does not change the cause of action ..." (Emphasis supplied.)

The day of tight-rope walking in pleading when one slight misstep on the part of the attorney plunged his client's cause into the abyss of extinction is happily gone. "It is the consistent policy of the courts to give full opportunity to parties to plead their cause of action, if they have one, and not turn them out of court for technical errors. That is especially true if the objections refer more to the manner of pleading than to a complete lack of a cause of action. If the pleading is vague or insufficient and it appears that a clear and adequate statement of facts can be averred, permission should be given to amend. It is always desirable to dispose of litigation on the merits, if possible. As was said in Stevens v. Smith, 310 Pa. 287, 288, 165 A. 237: 'Under present day practice and procedure we will not foreclose a cause of action for defects resting more on form than want of substance.' " (Townsend v. Universal Ins. Co., 129 Pa. Superior Ct. 188.)

In *King v. Brillhart*, 271 Pa. 301, we said: "The statement charges negligent management of the car and that is what the evidence tends to establish. True, the former may not be a statement in a concise and sum-

mary form of the material facts upon which the plaintiff relies, as contemplated by section 5 of the Practice Act of May 14, 1915, P. L. 483, but, if not, it was waived by defendant's affidavit to and going to trial upon the merits . . . a defendant may move to strike off an insufficient statement, or, if it is too indefinite, may obtain a rule for one more specific. Failing to do either, he will not be entitled to a compulsory nonsuit because of the general character of plaintiff's statement . . ."

We also see no merit in the position that the nonsuit could not be lifted by the lower court because the argument on its merits was not made within six months after the trial. The delay in the argument was apparently due to difficulties in getting the record transcribed and certified.

The order refusing to take off the nonsuit is reversed with a venire facias de novo.