## Westmoreland v. Commonwealth

464

*Franklin L. Gordon,* for appellant.

*Dallett Hemphill,* for appellee.

KURTZ, J., December 29, 1964.—The chronology in this case is as follows:

March 14, 1963: Jury of view appointed by the court of quarter sessions on petition of Ella D. Westmoreland, one of the property owners whose land has been condemned and appropriated by the Commonwealth, to view the premises described by metes and bounds in the petition, and to award the damages to which the owners were entitled as a result of the condemnation. See 15 Road Damages 1963.

June 1, 1964: Report of the jury of view filed in the quarter sessions assessing the damages at $4,840, and making awards thereof to the owners and lien holders having an interest therein.

June 23, 1964: Appeal from the report of the jury of view filed in the quarter sessions by the Commonwealth's attorney. Although the appeal recites that the report of the jury of view was confirmed nisi on June 1, 1964, no record of such confirmation can be found in the court's minutes.

Eo die: Appeal certified to the court of common pleas by the clerk of the quarter sessions.

Eo die: Certification of appeal filed in the common pleas.

July 21, 1964: Stipulation of counsel filed in the common pleas defining the issues to be tried in that court as follows: "What was the difference between the fair market value of the condemnees' entire property interest immediately before the condemnation

and as unaffected thereby and the fair market value of their property interest remaining immediately after such condemnation and as affected thereby?" and "To what compensation for delay in payment are the condemnees entitled?"

October 20, 1964: Property owners' motion to strike the appeal filed asserting the following grounds:

"1. The said Appeal does not comply with Section 516 of the Eminent Domain Code of 1964, which provides that the Appeal shall set forth: . . . (2) A brief description or identification of the property involved and the condemnee's interest therein. The said Appeal does not contain a description or identification of the property involved or the condemnee's interest therein.

"2. The appeal does not comply with Section 515 of the Eminent Domain Code, which provides that the Appeal shall be taken to the Court of Common Pleas. The appeal filed in this matter was to the Clerk of the Court of Quarter Sessions.

"3. The Appeal filed in this proceeding is defective on its face and should be stricken."

November 9, 1964: Argument heard on the motion to strike, at which time the Commonwealth's attorney filed a motion to amend the appeal to include therein a more precise description of the real estate involved, and to set forth the condemnees' interest in the property.

Although the motion to amend was not filed until the motion to strike had been called for argument, we believe that proper procedure requires us to consider it first. If an amendment is permitted, the motion to strike can then be considered in the light of that amendment. The rule regarding the permitting of amendments has been recently stated in Schaffer v. Larzelere, 410 Pa. 402, 406 (1963):

"It is the general rule that the amendment of pleadings is a matter within the wise and judicial discre-

tion of the court below. In the absence of plain error, its action will not reversed: Trabue v. Walsh, 318 Pa. 391, 177 A. 815 (1935). However, the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party: Arzinger v. Baughman, 348 Pa. 84, 34 A. 2d 64 (1943); Esso Standard Oil Co. v. Taylor, 399 Pa. 324, 159 A. 2d 692 (1960). The Pennsylvania Rules of Civil Procedure have embodied the modern philosophy of jurisprudence and court procedure and allow amendments with great liberality to the end that justice by all parties may be achieved: See, Pa. R. C. P. 1033; 20 U. Pitt. Law Rev. 553 (1958); 2 Anderson, Pa. Civ. Pract., p. 535; Cucinotti v. Ortmann, 399 Pa. 26, 159 A. 2d 216 (1960).

"An amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant: Spry v. F. U. M. F. Ins. Co. of Penna., 101 Pa. Superior Ct. 49 (1931); Wessling v. Latkanich, 144 Pa. Superior Ct. 317, 19 A. 2d 553 (1941); Coll v. Westinghouse E. & Mfg. Co., 230 Pa. 86, 79 A. 163 (1911); Arner v. Sokol, 373 Pa. 587, 96 A. 2d 854 (1953). This would constitute 'resulting prejudice' to the adverse party. However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the Statute of Limitations has already run: Arner v. Sokol, supra; Coll v. Westinghouse E. & Mfg. Co., supra; Jackson v. Gunton, 218 Pa. 275, 67 A. 467 (1907); Byers v. Bacon, 250 Pa. 564, 95 A. 711 (1915)."

The Eminent Domain Code, the Act of June 22, 1964, P. L. 84, art. V, sec. 516, 26 PS§516, provides that an appeal shall set forth, inter alia: "(2) A brief description or identification of the property involved

and the condemnee's interest therein." It became effective immediately upon approval, i.e., June 22, 1964, Act of 1964, supra, §302. This appeal was filed the next day following the effective date of that section of the code. Counsel for the Commonwealth stated at argument that he was not aware of the code's requirements at that time. In acting as he did, he followed prior practice of long standing in this court as it has been prescribed by the applicable acts of assembly and our own rules of court.[1]

We think that a proper exercise of our judicial discretion requires us to allow the amendment which the Commonwealth now seeks. Surely, the property owner condemnees cannot be prejudiced as a result since they are well aware of the description and identity of the property involved, having set it forth by metes and bounds in the petition for the appointment of viewers which they presented. They also know or ought to know what interest they possess in that property.

No new cause of action is here sought to be asserted, neither is there a question presented involving the statute of limitations. This amendment merely seeks to meet the requirements of a statute which became law on the day immediately prior to the day upon which the appeal was filed. In our view, we would be guilty of a manifest abuse of discretion if we refused to permit the amendment.

We must now consider whether the appeal as amended must be struck as having been filed in the wrong court. Section 515 of the code provides for appeals from the decision of viewers to the court of common pleas as distinguished from the court of

---

[1] Section 6. In all cases of appeals from the reports of juries assessing damages or benefits originating in the quarter sessions, the appeal and affidavit accompanying the same shall be filed in said court, and it shall be the duty of the clerk forthwith to certify said appeal and affidavit to the court of common pleas.

quarter sessions. Although this appeal was filed in the quarter sessions, it purports on its face to have been taken to the common pleas. We have already noted that appellant's counsel followed established procedures and our rules of court in filing the appeal as he did. But even if the appeal was taken to the wrong court, the question has been answered adversely to the motion to strike in Romberger Appeal, 190 Pa. Superior Ct. 11, 15 (1959) as follows:

"The real issue in the case is presented by appellant's third contention, and may be stated as follows: Where a timely appeal from an award of viewers is entered in the court of quarter sessions instead of the court of common pleas, the judges of the two courts being the same, may the appeal be certified to the proper court nunc pro tunc? Our answer to this question is in the affirmative.

"The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words to perfect the appeal: Womelsdorf v. Heifner, 104 Pa. 1. And see Sturtz v. Counonie, 53 Pa. D. & C. 423. The appeal in the case at bar was taken in good faith and within the time prescribed by law. The fact that it was filed in the court of quarter sessions instead of the court of common pleas is not a fatal defect. . . ."

Again at page 17 of the court's opinion it was said:

"In the case at bar the appeal was taken within the time prescribed by the statute. The judges of the court of quarter sessions and the judges of the court of common pleas are the same. The nunc pro tunc certification actually involved nothing more than a change in the name of the court. The issue was not altered. Appellants have not alleged or demonstrated that any

prejudicial harm will result from allowing the appeal to stand."

In this case we have no question of a certification nunc pro tunc, as was the case in Romberger. Certification has been accomplished in season pursuant to the authorization contained in the rule of court hereinabove quoted. With that authorization to support it, the clerk's act had the effect and validity of an act of this court. Acquiescence in the procedure followed is evidenced by the stipulation of counsel defining the issues to be tried in the common pleas.

The rule of Romberger would permit us to make the certification now as of the date upon which it was actually made. If we have the power to perform that act in that manner, then we may authorize the clerk to do it for us as he did. His act was merely ministerial in character. By adopting the rule, we have conferred the clerk's authority in advance. Accordingly, the motion to quash the appeal must be refused.

ORDER

And now, December 29, 1964, the Commonwealth's motion to amend its appeal by including a more precise description of the property involved in it and by setting forth the condemnee's interest in the land in question is granted; the Commonwealth may file its amendment within 20 days; the condemnee's motion to strike the appeal is refused.