Wilson, Appellant, *v.* Howard Johnson
Restaurant.

Argued November 12, 1965. Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*John Milton Ranck,* with him *Charles Foltz Herr,* and *Appel, Ranck, Herr & Appel,* for appellant.

*John I. Hartman, Jr.,* with him *Windolph, Burkholder & Hartman,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 24, 1966:

This appeal follows an action of trespass wherein the appellant, Winter R. Wilson, sought to recover damages for personal injuries from the defendant-appellee, Penn Turnpike Shops, Inc., a corporation doing business under the fictitious name of Howard Johnson Restaurant. On January 13, 1960, appellant, a 51 years old truck driver employed by the Spector Freight Systems, Inc., was driving a heavily loaded diesel bound for Albany, New York, in an easterly direction, over the Pennsylvania Turnpike. There were two drivers on the truck, and appellant occupied the driver's seat at Bedford, Pennsylvania, at 1:30 A.M. and drove until he reached the defendant's turnpike restaurant at Bowmansville, Pennsylvania, at approximately 5:30 A.M., where he stopped to get a cup of coffee. During the night, the truck had been travelling through conditions described as raining and freezing, and the temperature hovered around the freezing mark. The road surface was wet but not frozen, and the bridge surfaces were icy. Appellant parked his truck in the parking

area outside the restaurant, which area was wet but not icy, and proceeded toward the entrance to appellee's restaurant. Approximately 50 feet from the entrance, he stepped onto the concrete sidewalk where he took a couple of steps and slipped on a sheet of smooth, wet ice and catapulted into the air, landing on a picket fence which was near the walk. The extent of the injuries suffered was never disclosed at trial because the lower court granted appellee's motion for compulsory nonsuit at the conclusion of the presentation of appellant's evidence as to liability.

Following the granting of the compulsory nonsuit on November 16, 1964, appellant, on December 24, 1964, filed a motion to amend the complaint by the addition of the following paragraph 9 (e): "In maintaining or permitting to be maintained a wooden picket fence at the edge of the walk, in that defendant knew or should have known that anyone falling on the fence would be seriously injured thereby."

Appellant moved to take off the nonsuit and later presented a motion to amend the complaint. The lower court denied both motions and this appeal followed.

The motion to amend the complaint, in effect, requested the allowance of an averment of negligence because of the maintenance of a fence beside a sidewalk, in such circumstances that appellee knew or should have known that anyone falling on said walk would probably fall upon the fence and be seriously injured thereby.

Appellant's original cause of action was based on appellee's negligence in permitting ice to form on its sidewalk; appellee's failing to salt the sidewalk, or to render the slippery surface safe in some other manner, such as spreading of ashes.

In considering the appeal from the refusal of the court below to take off the nonsuit, appellant must be given the benefit of all favorable testimony and every

reasonable inference of fact arising therefrom and all conflicts therein must be resolved in his favor. *Fegely v. Costello,* 417 Pa. 448, 208 A. 2d 243 (1965) ; *Cushey v. Plunkard,* 413 Pa. 116, 196 A. 2d 295 (1964) ; *Schwartz v. Urban Redev. Auth.,* 411 Pa. 530, 192 A. 2d 371 (1963). So viewing the record, we find that appellant's own testimony on direct examination indicated the road surface to be wet but not slippery, and that the icy condition was apparent only on defendant's sidewalk. His own testimony further brought out that it was wet ice, and upon cross-examination, he testified as follows: "Q. So there was no obstruction in the form of a ridge or hill in the ice that caused you to fall? A. The ice was wet like ice. Q. No ridge—no hill in the ice—is that correct? A. I did not see any hill in the ice. Q. And no ridge caused you to fall? A. I did not see any ridge. Q. Do you know what caused you to fall? A. The wet slippery ice."

Appellant's own testimony shows clearly that the cause of his fall was wet, slippery ice, devoid of any obstructions or ridges or elevations allowed to remain for an unreasonable length of time, and, as we set out very clearly in *Whitton v. H. A. Gable Co.,* 331 Pa. 429, 200 A. 644 (1938) : "Snow and ice upon a pavement create merely transient danger and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition. See Philadelphia v. Bergdoll, 252 Pa. 545, 551 ; Goodman v. Corn Exchange National Bank & Trust Co. et al., supra. There is no liability created by a general slippery condition on sidewalks. It must appear that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were created by defendant's antecedent negligence."

Appellant has failed to sustain the necessary burden of proof as to the size and character of any ridge

or elevation of ice and snow; that there was a substantial obstruction to travelers; and that there was a causal connection between the dangerous obstructions caused by an accumulation of snow and ice and his fall. As such proof was wholly lacking in the instant situation, the lower court acted properly in entering a judgment of compulsory nonsuit. See *Puskarich v. Trustees of Zembo Temple,* 412 Pa. 313, 194 A. 2d 208 (1963); *Kohler v. Penn Township,* 305 Pa. 330, 157 A. 681 (1931).

We agree with the lower court's conclusion that to allow this amendment would, in effect, be introducing both a new agency as to the cause of action and a new theory of negligence. The lower court acted properly in refusing to grant the motion to amend the complaint.

This suggested amendment refers solely to the improper maintenance of a picket fence by appellee, and that appellee knew or should have known anyone falling on the fence would be seriously injured. As we said in *Martin v. Pittsburg Rys. Co.,* 227 Pa. 18, 75 A. 837 (1910), and as reiterated more recently in *Shenandoah Boro. v. Philadelphia,* **367 Pa. 180, 190, 79 A. 2d 433** (1951) : " 'At the trial every act of **negligence charged in the original statement was shown to be untrue and** without foundation in fact. **There was no evidence to** show that proper signals were not given, and the positive testimony of witnesses produced by appellant showed that the car had a headlight; that it was not running at an excessive rate of speed, and that the decedent was not attempting to cross the street at the time of the accident. . . . Can this situation be cured by an amended statement *setting up an entirely different theory, charging a different kind of negligence* based upon different relations of the parties after the statute of limitations had become a bar? All of our cases hold that this cannot be done if a new cause of action be introduced by the amended statement. The

*cause of action, if any, was the negligent act or acts which occasioned the injury.* In the original statement the negligent acts relied on to sustain a recovery were recited in detail and with such circumstantiality as to leave no doubt upon what ground a recovery was based. In the amended statement this ground is not merely shifted, it is entirely abandoned. It is not, therefore, a case of adding to or amplifying the original statement within the rule recognized in some of our cases, but on the contrary a different theory is relied on, new grounds are set up and other acts of negligence entirely different are alleged. The relations and duties of the parties are entirely changed by the amended statement. In the original statement the standard of care was the duty owed by a street railway company to a person, not an intending passenger, at a street crossing. In the amended statement the relation of common carrier and passenger is set up, and the standard of care required in protecting an intending passenger while getting on the car is relied on. The two theories are entirely inconsistent and cannot be sustained on the ground that one is but an enlargement of the other.' . . . 'There is no difficulty in defining the phrase "cause of action." It obviously means what this court in Martin v. Pittsburg Rys. Co., 227 Pa. 18, 75 A. 837, said it meant, to wit: "The negligent act or acts *which occasioned the injury,*" . . . It is elementary that after the Statute of Limitations has run a plaintiff cannot amend his statement by introducing a new cause of action: Mays v. United Natural Gas Co., 268 Pa. 325, 112 A. 22.' " (Emphasis in original).

We said, in *Schaffer v. Larzelere,* 410 Pa. 402, 189 A. 2d 267 (1963) : "However, the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party: Arzinger v. Baughman, 348 Pa. 84, 34 A. 2d 64 (1943) ; Esso Standard Oil Co. v. Taylor,

399 Pa. 324, 159 A. 2d 692 (1960). The Pennsylvania Rules of Civil Procedure have embodied the modern philosophy of jurisprudence and court procedure and allow amendments with great liberality to the end that justice by all parties may be achieved: See, Pa. R.C.P. 1033; 20 U. Pitt. Law Rev. 553 (1958); 2 Anderson, Pa. Civ. Pract., p. 535; Cucinotti v. Ortmann, 399 Pa. 26, 159 A. 2d 216 (1960).

"An amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant: Spry v. F.U.M.F. Ins. Co. of Penna., 101 Pa. Superior Ct. 49 (1931); Wessling v. Latkanich, 144 Pa. Superior Ct. 317, 19 A. 2d 553 (1941); Coll v. Westinghouse E. & Mfg. Co., 230 Pa. 86, 79 A. 163 (1911); Arner v. Sokol, 373 Pa. 587, 96 A. 2d 854 (1953). This would constitute 'resulting prejudice' to the adverse party. However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the Statute of Limitations has already run: Arner v. Sokol, supra; Coll v. Westinghouse E. & Mfg. Co., supra; Jackson v. Gunton, 218 Pa. 275, 67 A. 467 (1907); Byers v. Bacon, 250 Pa. 564, 95 A. 711 (1915)."

It is obvious that in the instant case, appellant attempted to introduce an entirely new cause of action after the statute of limitations had run.

Judgment affirmed.

Mr. Justice EAGEN concurs in the result.

Mr. Justice MUSMANNO dissents.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

Although I am unable to approve of the application of the so-called "ridged-ice" rule to a business invitee, I concur in the result reached by the majority solely on

the ground that plaintiff failed to establish that defendant was in any way responsible for the formation of the ice or that it had permitted the ice to **remain** on the sidewalk for an unreasonable length of time.