## McCormick v. Grunnagle

*John M. Means,* for plaintiff.

*Bruce R. Martin* and *William G. Sutter, Jr.,* for defendants.

McLEAN, J., March 6, 1967.—On June 13, 1962, plaintiff filed a complaint in trespass alleging malpractice on the part of defendant physicians who are, respectively, the surgeon and anesthetist who performed back surgery on her on March 15, 1960. Plaintiff suffered facial injuries during the operation, allegedly because of the failure of defendants to pad properly the metal prongs used to support her head during surgery while she lay face down on the operating table. There were no other allegations of negligence; nor were there any other counts or claims in trespass asserted.

On June 24, 1966, the Supreme Court of Pennsylvania entered its opinion in Gray v. Grunnagle, 423 Pa. 144, holding that a surgical operation is a battery upon plaintiff unless he has given an informed consent to the operation. On February 21, 1967, plaintiff filed a petition for leave to amend her complaint, asserting as reasons that "the doctrine of 'informed consent' has recently been clarified by the Pennsylvania Supreme Court" and that plaintiff was not aware until depositions of defendants were taken that an operation on her back might possibly result in facial disfigurement. The depositions referred to were taken in 1962. The petition asks leave to amend the complaint by adding the following allegations:

"12. It is the accepted standard medical care in the Pittsburgh area to advise the patient as to the potential risks and hazards of surgery.

"13. The defendants failed to inform the plaintiff prior to the operation to be made on the plaintiff in

the area of her back, that such a procedure involved any danger or risk to her face.

"14. The defendants failed to advise the plaintiff prior to said operation that there was any possibility that a surgical procedure on her back could result in blistering, swelling, bruising or disfigurement of her face".

We have recently entered an opinion in Dressler v. West Elizabeth Lumber Company, July term 1964, 2887, holding on the authority of Kuchinic v. McCrory, 422 Pa. 620 (1966), that where there is a change in the law, a complaint in a pending law suit may be amended to take advantage of that change in the law, even though the statute of limitations has run, and in effect, a new cause of action or theory of recovery is thereby introduced. However, it is our opinion that the decision of the Supreme Court in Gray v. Grunnagle, supra, does not constitute a change in the law. It is not a new doctrine that an operation without the consent, or in excess of the consent, of the patient is a tort: Smith v. Yohe, 412 Pa. 94 (1963); Dicenzo v. Berg, 340 Pa. 305 (1940); Moscicki v. Shor, 107 Pa. Superior Ct. 192 (1932).

Plaintiff's petition to amend her complaint will be denied, for the reason that it would introduce a new cause of action long after the expiration of the statute of limitations, which may not be permitted: Wilson v. Howard Johnson Restaurant, 421 Pa. 455 (1966); Shenandoah Borough v. Philadelphia, 367 Pa. 180 (1951). See our review of cases in Kisilinsky v. Peoples Cab Company, July term, 1964, 2222.

ORDER

And now, March 6, 1967, following oral argument of counsel, it is ordered that plaintiff's petition for leave to file an amended complaint is denied for the reasons set forth in the foregoing opinion. Exception is noted to plaintiff and bill sealed.