## Universal Match Corporation v. Lekape Corp.

*Michael A. Davis*, for plaintiff.
*John H. Wood, Jr.*, for defendant.

BECKERT, J., March 25, 1970.—Universal Match Corporation (plaintiff) commenced the above action against Lekape Corp., trading as American Motel (defendant), upon an alleged oral contract pertaining to the sale of "certain goods, wares and merchandise to the defendant." As the amount in controversy was less than $2,000, the case was submitted to a board of arbitrators. At the time of the hearing before the board, a written contract was introduced into evidence over the objection of defendant. The arbitrators filed their report and award for plaintiff in the amount of $1,927.80. Defendant appealed from the action of the board of arbitrators to this court. After defendant perfected its appeal, plaintiff was granted a rule on defendant to show cause why the complaint should not be amended to allow plaintiff to plead the alleged written contract.

Plaintiff apparently seeks the right to have this rule made absolute by virtue of Pa. R. C. P. 1033. We see no reason to quote this rule at length, but will merely say that, after reading the rule, we see no reason why plaintiff's request, subject to the conditions hereinafter spelled out, should not be granted.

It has consistently been the policy of our courts to construe procedural rules with great liberality (Pa.

R. C. P. 126) in order to eliminate the old common-law practice of a litigant losing his case on the basis of some technical pleading requirement, without regard to the factual-substantive rights of the parties: Wessling v. Latkanich, 144 Pa. Superior Ct. 317 (1941); Bruker v. Carlisle Borough, 376 Pa. 330 (1954).

Defendant does not contend that the amendment would result in any legal prejudice to it. The only prejudice which we can see that could result to defendant is the financial prejudice that would flow from preparing a defense in accordance with plaintiff's pleadings, i.e., on the basis of an alleged oral contract, as opposed to the position now being taken by plaintiff.

It appears to us, from a reading of defendant's brief, that while no legal prejudice would result by the allowance of the amendment, a further injustice would occur to defendant in that defendant would have no way to recover arbitrators' fees, which defendant was obliged to pay to the prothonotary in order to perfect its appeal.

We know of no statutory authority, nor have we been able to find any, which would compel a plaintiff to reimburse defendant for arbitrators' fees. However, since amendments are properly within the discretion of this court, we believe that under the existing circumstances of this case it would be proper to adopt the position that the amendment will be conditionally allowed, subject to plaintiff paying the accrued costs and arbitrators' fees.

This position appeals to us. If, for economic reasons, plaintiff, as is the case here, desires to use a "form type complaint" and neglects to delete or insert the proper words therein, it strikes us that the party so using and engaging in this type of practice should be obliged to pay for his shortcuts and, there-

fore, be called upon to reimburse defendant for all costs accrued up to the time of the amendment.

We feel this position to be justified not only for the reasons stated, but for the additional fact that it is evident that plaintiff had within its control the written contract from the inception of this action. It was only through the negligence or inadvertence of plaintiff that the fact that a written contract existed was not initially properly pleaded. If it had been so pleaded, defendant could have properly proceeded with the defense, if defense was, in fact, present.

We will, therefore, leave the matter in the lap of plaintiff. If plaintiff does not wish to repay the costs accrued and the arbitrators' fees, the amendment sought will be disallowed and the rule discharged. If case authority is needed for the position we have here taken, we refer the reader to Julian v. Mayo, 8 D. & C. 2d 788 (1956); Marra v. Kephart, 14 D. & C. 2d 388 (1958).

Accordingly, we enter the following

### ORDER

And now, March 25, 1970, plaintiff's rule to show cause why the complaint should not be amended is discharged, unless plaintiff shall, within 30 days after the filing of this order on counsel for plaintiff, pay into the office of the prothonotary of this county for reimbursement to defendant, the arbitrators' fees and costs, in which case the rule is made absolute and the amendment is allowed.