### Hagenbuch v. Cole

*Fisher, Rice & Raup,* for plaintiff.

*McCormick, Lynn, Reeder, Nichols & Sarno* and *Candor, Youngman, Gibson & Gault,* for defendants.

GREEVY, P. J., February 21, 1973.—Wilmer Henry

Hagenbuch died on March 12, 1969. On March 12, 1970, plaintiff instituted wrongful death and survival actions against Dr. Charles E. Cole and the Williamsport Hospital, defendants. On October 3, 1972, plaintiff filed a petition for leave to amend the complaint. Defendants object to said amendments on the grounds that they constitute new allegations of negligence and new causes of action and, therefore, are barred by the statute of limitations.

" ' "The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required" ' ": Arner v. Sokol, 373 Pa. 587, 591 (1953). See also Miners Savings Bank of Pittston v. Naylor, 342 Pa. 273, 280 (1941); Saracina v. Cotoia, 417 Pa. 80, 85 (1965).

Plaintiff seeks to add four items to the original complaint. The first is a phrase added to paragraph 12(b), amplifying the original paragraph which alleges that defendant Cole did not have sufficient time to properly treat decedent. This addition does not add a new cause of action and, therefore, will be allowed. The second is a new paragraph 12(f) which concerns defendant Cole's knowledge about certain safety razors. This is an amplification of the preceding paragraph which also mentions razors. Accordingly, it does not introduce a new cause of action and will be allowed. The third item is a new paragraph 20(h) which alleges that defendant, the Williamsport Hospital, failed to follow defendant Cole's prescription. This presents a separate negligent act which could give rise to a new cause of action. Since the statute of limitations has run, this amendment will not be permitted. See Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 461 (1966).

The final item is a new paragraph 20(i) which con-

cerns defendant, the Williamsport Hospital's knowledge of certain safety razors. This paragraph explains more fully paragraph 20(d) and 20(g) concerning the safety of decedent and, accordingly, will be allowed.

We make the following

## ORDER

And now, February 21, 1973, it is hereby ordered and directed that plaintiff's petition for leave to amend the complaint as to paragraphs 12(b), 12(f), and 12(i) is granted, and insofar as it relates to paragraph 20(h) is denied. Defendant is given leave to file an answer to the amended complaint within 20 days.