**Taylor v. Ryder Truck Rental, Inc.**

*Michael D. Carr,* for plaintiffs.

*John Brian Frock,* for defendant Ryder Truck Rental, Inc.

*Steward C. Crawford,* for additional defendant Morgan Corp.

WOOD, *J.,* December 14, 1984—Plaintiffs Arthur and Mary Ann Taylor filed suit in trespass and assumpsit against Ryder Truck Rental, Inc., on July 17, 1981. They alleged that on or about September 19, 1980, plaintiff Arthur Taylor was employed by Pepperidge Farms, Inc., as a truck driver and that his duties included driving, loading and unloading delivery trucks. Plaintiffs further aver that on the date noted Pepperidge Farm had leased from Ryder a delivery truck with a 22-foot body and a ramp for loading and unloading. At that time plaintiff-husband was using the vehicle in the course of his employment and was engaged in loading and unloading items using the ramp of the truck. Plaintiffs allege that the ramp was in a defective condition and, as a result, husband received severe injuries to his back and spine. The complaint sets forth various counts in assumpsit and trespass and avers breaches of warranty as well as negligence in the manufacture and/or design of the loading ramp.

Original defendant eventually joined two additional defendants, International Harvester Corporation and the Morgan Corporation, the two manufacturers of the truck. International Harvester was subsequently dismissed from this action by stipulation of the parties.

The case is now before us on plaintiffs' motion to amend the complaint to include a prayer for puni-

tive damages. Both defendants have filed answers opposing that motion.

The Rules of Civil Procedure allow liberal amendment of pleadings. Pa.R.C.P. 1033. One may not amend a pleading, however, so as to introduce a new cause of action after the statute of limitations has run. Laursen v. General Hospital of Monroe County, 494 Pa. 238, 431 A.2d 237 (1981). The reason for this rule is to prevent prejudice to the adverse party. Junk v. East End Fire Department, 262 Pa. Super. 473, 396 A.2d 1269 (1978).

"The decision to grant or deny permission to amend is within the discretion of the trial court and we will reverse that decision only upon a showing of a clear abuse of discretion. Geiman v. Board of Assessment and Revision of Taxes, 412 Pa. 608, 614, 195 A.2d 352, 355-56 (1963).

". . . [A] new cause of action does not exist if plaintiff's amendment merely adds to or amplifies the original complaint or if the original complaint states a cause of action showing that the plaintiff has a legal right to recover what is claimed in the subsequent complaint. Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 460, 219 A.2d 676, 678-79 (1966); Arner v. Sokol, 373 Pa. 587, 591, 96 A.2d 854, 855-56 (1953); 3 Standard Pa. Pract. 682. A new cause of action does arise, however, if the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed. 2B Anderson Pa. Civ. Prac., 1033.28 and 1033.31." Junk v. East End Fire Department, 262 Pa. Super. at 490-91, 396 A.2d at 1277.

Simple negligence will not support a claim for punitive damages; however, such damages *are* appropriate in a negligence action where defendant's conduct is outrageous and is committed with a reckless

indifference to the welfare of others: Feldman, Pennsylvania Trial Guide §34.40. The negligent conduct supporting a claim for punitive damages is therefore something different from simple negligence. It evinces a different state of mind.

"It exists where the danger to the plaintiff, though realized, is so reckless that, even though there was no actual intent, there is a willingness to inflict injury and a conscious indifference to the perpetration of the wrong." Shotts v. Kough, 5 Franklin L.J. 218 (1982), citing Jackson v. Waddle, 11 D.&C. 3d 59-61 (1979).

Thus, in Shotts, supra, the court did not permit plaintiffs to amend their complaint after the statute of limitations had run so as to allege that defendant was driving under the influence of intoxicants and, thus, support a claim for punitive damages when, prior to trial, defendant had stipulated that he was negligent and the case proceeded on the issue of damages alone. Likewise, in Junk, supra, the court would not permit plaintiff to amend his pleadings to introduce an entirely new theory of negligence based on a different set of facts. Case law indicates, therefore, that if the amendment proposes a different theory or kind of negligence than the one previously raised, or if the operative facts in support of the claim are changed, a new cause of action arises. 2B Anderson Pa. Civ. Prac. §§1033.28 and 1033.31.

Although an award of punitive damages requires proof of a different kind of negligence than is required in a simple negligence action, the Superior Court in Daley v. Wanamaker, 317 Pa. Super. 348, 464 A.2d 355 (1983), allowed plaintiff to amend her complaint after the statute of limitations had run to include a claim for punitive damages. The court, citing Hilbert v. Roth, 395 Pa. 270, 276, 149 A.2d 648, 652 (1959), stated:

"The right to punitive damages is a mere incident to a cause of action — an element which the jury may consider in making its determination — and not the subject of an action in itself. Dailey, supra, at 362." The opinion in Dailey does not reveal the contents of the initial complaint, but we assume that it contained sufficient allegations to support a claim for punitive damages.

Here plaintiffs do not seek to allege any new facts but simply want to amend the ad damnum clause to include a prayer for punitive damages. Plaintiffs, however, did not use such words as outrageous, vindictive, willful or wanton in any of their allegations. Defendants maintain that this is fatal to plaintiffs' motion since the allegations presently in the complaint do not support a claim for punitive damages. We do not believe that whether or not plaintiffs used certain magic words is the determining factor; rather, the question is whether plaintiffs' factual allegations are sufficient, if proven, to support an award of punitive damages by the jury. Plaintiffs allege in Count II of their complaint that defendant Ryder:

"Failed to correct the dangerous condition of the loading ramp even after numerous repairs and servicing of the aforesaid vehicle between September 1, 1979, and September 19, 1980, and after receiving notification and complaints from the plaintiff and others of the dangerous condition of the loading ramp. . . ."

If proven, that allegation could support a finding that defendant Ryder acted with reckless disregard for the welfare of users of the ramp. Accordingly, we will permit plaintiffs to amend their complaint as requested, with the recommendation to the trial judge that plaintiffs' evidence at trial on the question of punitive damages be limited to proof of facts fairly within the ambit of Count II. We suggest that the

jury be advised that they cannot award punitive damages unless they are satisfied that such damages are appropriate, based on their findings regarding the quoted allegations.

## ORDER

And now, this December 14, 1984, after argument and upon consideration of the pleadings and briefs, plaintiffs' motion to amend the ad damnum clause of their complaint to add a prayer for punitive damages is granted as to Count II of the complaint.