## Thompson v. Wyeth Laboratories Division of American Home Products Corporation

*Stephen J. McEwen, Jr.,* for American Home Products Corporation.

*F. Hastings Griffin, Jr.,* for Wyeth Laboratories, Inc.

*John S. J. Brooks,* for Delaware County Medical Society, amicus curiae.

LIPPINCOTT, 2D, J., February 24, 1969.—Plaintiff asks leave to amend twice his original complaint in trespass long after the statute of limitations has run. The amendments are opposed on the ground that they

constitute new causes or theories of actions to the prejudice of defendants.

Plaintiff's complaint states that he contracted poliomyelitis after purchasing and consuming Sabin oral polio vaccine, which he pleads "[defendants] negligently manufactured, produced, tested, packaged and sold . . .". The first proposed amendment seeks to add to this general allegation of negligence a statement that ". . . in packaging, selling or participating in the distribution of the said vaccine to the general public in connection with a mass immunization program, defendant failed to warn the plaintiff, who was then forty-two years of age, and the general public that there was a relatively high incidence of polio incurred by persons over thirty years of age who consumed such vaccine".

Pennsylvania Rule of Civil Procedure 1033 provides as follows:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action . . . or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense . . .".

The original complaint pleads negligence in packaging and selling without detailing the negligence with particularity. The proposed amendment merely amplifies and clarifies the nature of the alleged negligence, which is permissible. As was stated in Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963), page 407:

"The Pennsylvania Rules of Civil Procedure have embodied the modern philosophy of jurisprudence and court procedure and allow amendments with great liberality to the end that justice by all parties may be achieved: See, Pa. R. C. P. 1033; 20 U. Pitt. Law Rev. 553 (1958) ; 2 Anderson, Pa. Civ. Pract. p. 535; Cucinotti v. Ortmann, 399 Pa. 26, 159 A. 2d 216 (1960)

. . . if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the Statute of Limitations has already run: Arner v. Sokol, supra; Coll v. Westinghouse E. & Mfg. Co., supra; Jackson v. Gunton, 218 Pa. 275, 67 A. 467 (1907); Byers v. Bacon, 250 Pa. 564, 95 A. 711 (1915)".

See also L. Frank Markel & Sons, Inc. v. Weaver, 31 D. & C. 2d 319 (1963).

Defendants argue that they are prejudiced by the proposed amendment since they "interpreted the complaint" to mean that the sale was only to the Delaware County Medical Society, rather than to the public generally, and that this will necessitate a change in their theory of defense. Unfortunately for this argument, defendants' interpretation of the complaint does not bind plaintiff. The complaint as originally drawn plainly pleads negligence in packaging and selling generally and the requested amendment simply details the precise nature of such alleged breach of duty. Furthermore, plaintiff did specifically plead originally in paragraph 3 that defendants ". . . packaged and distributed . . . vaccine sold to the general public . . .".

We therefore feel that the first proposed amendment properly amplifies and explains the original indefinite statement of negligence. (And it also may well be that defendants' theory of defense is equally applicable to the amended complaint.)

Plaintiff's other proposed amendment seeks to add a second count to the original complaint alleging strict liability on the ground that the law of Pennsylvania was changed after the complaint was filed. In Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966), the provisions of section 402(a) of the Restatement of Torts, 2d, allowing strict liability were adopted. As to the right to amend, the court in Webb stated, page 427:

"The plaintiff in this litigation, therefore, must be given an opportunity to plead and prove his case. Since the plaintiff has broadly pleaded those facts necessary to a cause of action for defective products liability and since we are today adopting a new basis of liability, plaintiff will be permitted to amend his complaint to explicitly state a cause of action in trespass for defective products liability".

In Kuchinic v. McCrory, 422 Pa. 620, 222 A. 2d 897 (1966), our Supreme Court decided that an appellate court will apply a change of law in all pending cases. Obviously, a lower court must likewise apply a change to cases not yet tried.

Plaintiff's complaint was filed prior to the ruling in Webb v. Zern, supra. In it the facts necessary to a cause of action based on strict liability are broadly pleaded. The requested second count merely expands and clarifies the language of the original complaint based on the change of law and is thus permissible within the holdings in the aforesaid cases.

Accordingly, the court enters the following:

### ORDER

Now, February 24, 1969, following argument before a court en banc and upon consideration of briefs, it is ordered and decreed that plaintiff's petition for leave to amend the complaint be and the same is hereby granted in the form set forth and as attached to said petition. Defendants are granted 20 days from receipt of a copy of this order within which to plead to said amended complaint.