Kohler et ux., Appellants, *v.* Penn Township.

Argued October 7, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW,
JJ.

*Harry M. Jones,* with him *F. Horton Smith,* for ap-
pellants.—There was ample evidence for the jury to war-
rant in finding that the condition of the ice amounted
to an obstruction: Shaw v. McKeesport, 298 Pa. 119,
120; Gross v. Pittsburgh, 243 Pa. 525; Dean v. New
Castle, 201 Pa. 51; Wyman v. Phila., 175 Pa. 117.

*Thomas Nichols,* for appellee, cited: Mauch Chunk v.
Kline, 100 Pa. 119; Dehnhardt v. Phila., 15 W. N. C.
214; Thomas v. New Castle, 96 Pa. Superior Ct. 251,
252.

OPINION BY MR. JUSTICE WALLING, November 23, 1931:

These separate appeals by husband and wife grow out of the same accident and will be considered as one. The wife plaintiff, Marie Kohler, will be referred to as the plaintiff. On the afternoon of January 23, 1929, as the plaintiff was walking upon the sidewalk of Travella Boulevard in the defendant township of Penn, she tripped and fell, sustaining serious injury. The walk was covered with ice, which had become rough by being walked upon and was also under a light fall of snow. Plaintiff testified as to the walk being covered with rough ice upon which she caught her foot. Her counsel asked her, "Q. Now, returning again to the time you fell, you say your foot caught in this rough ice? A. Yes, sir." She said nothing about a ridge of ice. This, plaintiffs contend, was shown by the testimony of Mrs. Dailey that the walk was in very bad condition and had been icy for three or four days, that she had slipped there once and, further, "After ice [has] been on the pavement a couple of days, it gets sort of choppy and little ridges in it and you can't get a foothold on it. ...... When I say ridges, I mean just little bumps; it was bumpy, you know; it was rough. ...... Ice that you skate on, I would call smooth, and ice that is not smooth I would say there are little ridges and bumps in it." On the evidence as above quoted, the jury found verdicts for the plaintiffs; but later the court in banc entered judgments n. o. v. for the defendant and plaintiffs have appealed.

While plaintiff was seriously injured, apparently through no fault of her own, as the ice was covered with snow, yet the judgments must be affirmed. So far as appears, the walk was properly constructed and the ice thereon was not caused by any act of commission or omission on part of the defendant, but was the natural result of the weather. That a municipality is not liable for the general icy condition of its cartways and walks is well settled, in fact is not questioned here. This is so

because of the practicable impossibility of keeping the cartways and walks free from ice in this climate. By change of temperature ice will form over an entire city or township in a few hours and if its removal was possible might form again the next few hours. Hence, the nonliability for its presence follows. A municipality is not liable merely because ice upon its cartways and walks renders travel thereon unsafe. The question is not one of safety but of negligence.

It is also true that ice when in the process of formation or when softened by a rise in the temperature will show footprints of the pedestrians who walk thereon and thereby its surface will become uneven and rough. This is characteristic of all walks and is as impossible to prevent as is the presence of the ice. Hence, a municipality is not liable for the mere rough condition of the ice upon its walks, and this case presents nothing more.

Of course, where ice is suffered to remain upon a walk in substantial ridges that constitute an obstruction to travel, the municipality may be liable. The ridge must be shown to be of such substantial size and character as to be a danger to the public, not a mere uneven surface caused by walking upon the ice. The proof must describe the alleged ridge as to size and character and be such as to support a finding that it was a substantial obstruction to travel. Plaintiff does not meet the burden of proof by showing such surface, even though a witness may refer to it as consisting of little ridges or bumps. Neither is the existence of a ridge shown by the fact, as here, that plaintiff's fall was caused by tripping upon something, which doubtless was the uneven surface.

Where the presence of ice upon the walk results from the negligence of the municipality it may be liable for injuries sustained thereon, whether the ice is smooth, rough or in ridges. The cases cited for appellants are largely in support of that principle, although there is no suggestion of such negligence in the instant case.

As the record contains no proof of such an obstruction as to render the defendant liable, the question of constructive notice needs no consideration.

A more extended discussion of the questions here involved will be found in the case of Bailey v. The City of Oil City, 305 Pa. 325, [the preceding case], and, as authorities in support of the conclusions above stated there appear, it is unnecessary to insert them here.

The judgments are affirmed.