**Joyce S. MORIN, Appellant,**

v.

**TRAVELER'S REST MOTEL, INC.**

Superior Court of Pennsylvania.

Argued Oct. 16, 1997.

Filed Dec. 8, 1997.

Eric Cote, Saco, ME, for appellant.

Stephen E. Geduldig, Harrisburg, for appellee.

Before CIRILLO, President Judge Emeritus, and EAKIN and OLSZEWSKI, JJ.

CIRILLO, President Judge Emeritus:

Joyce S. Morin appeals from the order entered in the Court of Common Pleas of Lancaster County granting appellee's—Traveler's Rest Motel, Inc. (Traveler's) motion for summary judgment *See* Pa.R.A.P. 341; Pa. R.C.P. 227.1, note. We affirm.

In reviewing an order granting a motion for summary judgment, an appellate court must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Merriweather v. Philadelphia Newspapers, Inc.*, 453 Pa.Super. 464, 684 A.2d 137 (1996) (citation omitted). *See generally* Pa.R.C.P. 1035.2, 42 Pa.C.S.A.

In conformance with the above standard, the facts read in the light most favorable to the non-moving party are as follows: Morin, her husband, and four friends were visiting the Lancaster County area in February of 1994. On the afternoon of February 12th, they arrived at the Traveler's Rest Motel located in Intercourse, Lancaster County. During the early evening hours, freezing precipitation began and continued until early the following morning. The motel manager, Nathan Hershey, arrived at approximately 6:30 a.m. on February 13th. Upon noticing the

icy and slippery condition of the parking lot Mr. Hershey spread salt and sand around part, but not all, of the motel parking lot. Mrs. Morin awoke and had breakfast with the group. After breakfast, at approximately 7:20 a.m., Mrs. Morin, while walking to the van in which she and her group were traveling, slipped and fell on a thin blanket of ice that covered the motel's entire parking lot.[1] The area of the parking lot in which Mrs. Morin fell was not salted or sanded. As a result of the fall, Mrs. Morin suffered a fractured shoulder and elbow.

Mrs. Morin subsequently filed suit against Traveler's alleging that it negligently failed to provide safe access to her vehicle. Traveler's filed a motion for summary judgment on the grounds that Mrs. Morin had failed to demonstrate that there were any triable issues of material fact. Specifically, Traveler's asserted that the present case was governed by the "hills and ridges" doctrine and that Mrs. Morin had failed to proffer any evidence that Traveler's permitted "hills and ridges" to accumulate unreasonably. The trial court agreed and granted summary judgment. This appeal followed. Mrs. Morin presents the following issues for our consideration:

(1) Does the common law of Pennsylvania require that the hills and ridges doctrine or the reasonable care doctrine apply to a business invitee's fall on ice in a motel parking lot?

(2) If the hills and ridges doctrine applies, should an exception be made based on the facts of this case?

(3) If the hills and ridges doctrine applies to a business invitee, did generally slippery conditions exist at the time of Plaintiff's fall making the doctrine applicable to the facts of this case?

Our standard of review in cases of summary judgment is well settled. This court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law. *Merriweather*, 453 Pa.Super. at 470, 684 A.2d at 140. Summary judgment is proper when the

pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2, 42 Pa.C.S.A. In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. *Id.*

Mrs. Morin argues that the "hills and ridges" doctrine should not apply to a business invitee who falls on ice covering a business' parking lot, because business owners do not face the same problems of snow / ice removal that entire cities, municipalities, or towns may face. Mrs. Morin explains that the "hills and ridges" doctrine is sound policy with respect to cities and towns, as it would be impracticable if not impossible to remove every flake of snow that falls. Small business owners, however, Mrs. Morin asserts, do not deserve the same protection, since they are responsible only for removing snow and ice on their property, hardly an impracticable task.

▇▇▇▇ The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations. *Harmotta v. Bender*, 411 Pa.Super. 371, 601 A.2d 837 (1992). "The doctrine as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, i.e., ice and snow." *Wentz v. Pennswood Apartments*, 359 Pa.Super. 1, 5, 518 A.2d 314, 316 (1986). The rationale for this doctrine has been explained as follows:

... to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere.

---

1. The freezing precipitation blanketed the entire parking lot in a sheet of virtually transparent ice

sometimes referred to as "black ice."

*Id.* The "hills and ridges" doctrine applies with equal force to both public and private spaces. *See Wentz, supra* (appellate courts of this Commonwealth apply the doctrine of hills and ridges not only to persons injured from falling on ice covered public walks or parking areas but to situations in which business invitees have fallen on ice covered private parking areas and walks as well). In order to recover for a fall on an ice or snow covered surface, therefore, a plaintiff is required to prove:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Rinaldi v. Levine,* 406 Pa. 74, 78, 176 A.2d 623, 625 (1962). *Accord Harmotta,* 411 Pa.Super. at 378–79, 601 A.2d at 841; *Wentz,* 359 Pa.Super. at 5, 518 A.2d at 316.

■ Mrs. Morin's contention that the "hills and ridges" doctrine is inapplicable in cases where a business invitee is injured on snow or ice covering a business owner's parking lot has been previously addressed and settled by this court in *Wentz, supra.* In *Wentz,* a United Parcel Service employee slipped and fell on an ice covered private walk located within an apartment complex while attempting to deliver a package. In addressing the applicability of the "hills and ridges" doctrine to protect private landowners, we explained:

> ... we are at a loss to find any justification for the distinction which appellee would have us create. Weather conditions in this hemisphere have the same effect on privately owned walks as they do on public sidewalks, and there is no valid reason for imposing different standards of care with respect to the two. Therefore, we reject appellee's contention that the doctrine of "hills and ridges" can have no application to ice and snow covered walks which are privately owned.

*Wentz,* 359 Pa.Super. at 6, 518 A.2d at 316. *See Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (1966) (applying the "hills and ridges" doctrine to a business invitee who sustained a fall on ice in a restaurant parking lot). *See also Williams v. United States et al.,* 507 F.Supp. 121 (E.D.Pa. 1981) (applying Pennsylvania law and finding the "hills and ridges" doctrine applicable to circumstances where a patron slips and falls on ice in a post office parking lot). Because Mrs. Morin is merely reiterating the argument that was espoused and rejected in *Wentz,* we conclude that her first argument is meritless.

■ Mrs. Morin next asserts that the trial court erred in concluding that there was no factual dispute as to whether a generally slippery condition existed at the time of her fall. As previously mentioned, a prerequisite to the application of the "hills and ridges" doctrine is a finding of generally slippery conditions as opposed to isolated icy patches. *See Harmotta, supra.* Here, freezing precipitation began the night before and continued into the morning hours prior to Mrs. Morin's fall. Numerous news accounts reported that driving was treacherous as a result of the freezing precipitation that had blanketed the entire Lancaster area. Mrs. Morin, herself, admitted that after she had fallen she realized the entire parking lot was covered with a thin glaze of ice. Based upon these circumstances, it is clear as a pristine spring that generally slippery conditions existed. *Cf. Tonik v. Apex Garages, Inc.,* 442 Pa. 373, 275 A.2d 296 (1971) (hills and ridges doctrine inapplicable where only a specific localized patch of ice existed). Accordingly the trial court did not err in concluding that slippery conditions existed as a matter of law. *Merriweather, supra;* Pa.R.C.P. 1035.2.

■ Having concluded that the "hills and ridges" doctrine does apply in the present case, we now consider Mrs. Morin's final argument that Traveler's created a duty to exercise reasonable care in salting and sanding its parking facility based upon the motel manager's voluntary undertaking to salt and sand parts of the motel parking lot. Initially we note that Mrs. Morin has failed to cite any Pennsylvania authority to support her

assertion, nor does our independent research reveal any such authority. Our research has revealed, however, two factually similar cases from New York which hold that one who voluntarily undertakes to salt and sand an icy area where no duty exists, does not create a duty merely by salting and sanding some of the area. *See Zima v. North Colonie Central School District*, 225 A.D.2d 993, 639 N.Y.S.2d 558 (1996) (custodian who partially salted sidewalks did not create duty to salt and sand the sidewalks since no pre-existing duty existed); *Newsome et al. v. Cservak et al.*, 130 A.D.2d 637, 515 N.Y.S.2d 564 (1987) (shopping mall does not have a duty to salt and sand parking areas until a reasonable amount of time following a storm; the fact that the mall voluntarily did so on some occasions does not create a duty to salt and sand on all occasions).

These cases are based upon the principle annunciated in the Restatement of Torts (Second) § 323, which Pennsylvania has adopted, and provides [2]:

One who undertakes, gratuitously, or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care **increases the risk of such harm,** or

(b) the harm is suffered because of the other's **reliance upon the undertaking.**

Restatement of Torts (Second) § 323 (emphasis added). Here, there is no evidence that Mr. Hershey's activities actually increased the natural hazards of the ice nor is there any evidence tending to demonstrate that Mrs. Morin relied upon Mr. Hershey's salting and sanding. Indeed, Mrs. Morin did not know that portions of the parking lot had been treated until after she fell. We conclude, therefore, that Mr. Hershey's actions did not create a duty in the motel as a matter of law.[3] *Merriweather, supra;* Pa.R.C.P. 1035.2.

Order affirmed.

OLSZEWSKI, J., files a Concurring Opinion.

OLSZEWSKI, Judge, concurring:

Appellant advances a cogent argument that the "hills and ridges" doctrine should not apply to business invitees. The doctrine was developed to protect municipalities from unreasonable exposure to liability for injuries caused by climactic conditions. *See Kohler v. Penn. Tp.,* 305 Pa. 330, 157 A. 681 (1931). In order to prevail under the doctrine, a plaintiff must show more than a landowner's failure to exercise reasonable care. *See Wentz v. Pennswood Apartments,* 359 Pa.Super. 1, 518 A.2d 314 (1986). Plaintiff has the additional burden of demonstrating that ice and snow has been on the ground a sufficient length of time to accumulate as "hills and ridges." *Id.*

Because of the practical difficulty of maintaining vast areas of public land, it is sound policy to limit the liability of those responsible for the maintenance of such land. In contrast, private business owners do not encounter the same practical difficulty maintaining their land. Consequently, I see no reason to shield private business owners from liability where an injured business invitee proves a business owner's failure to exer-

---

**2.** *See e.g., Montgomery v. South Phila. Medical Group,* 441 Pa.Super. 146, 656 A.2d 1385 (1995); *Shaw v. Kirschbaum,* 439 Pa.Super. 24, 653 A.2d 12 (1994); *Battle v. Philadelphia Housing Auth.,* 406 Pa.Super. 578, 594 A.2d 769 (1991).

**3.** Alternatively Mrs. Morin contends that Traveler's had a duty to warn Mrs. Morin that generally slippery conditions existed in the parking lot. We reject this claim. The record demonstrates that Mrs. Morin was unequivocally aware that freezing precipitation fell the entire night and into the early morning prior to her fall. In addition, the record also reveals that Mrs. Morin described the roads as "treacherous" the night prior to her fall. Moreover, although Mrs. Morin testified in her deposition that she did not know the parking lot was icy, she admitted that the lot looked wet prior to her fall. Thus, she was clearly aware that conditions could be slippery the morning of her fall. In any event, we have already determined that Traveler's owed no duty to salt and sand the parking lot since there was no evidence of "hills and ridges" in the ice. It is axiomatic, then, that Traveler's also had no duty to warn its guests of icy conditions.

cise reasonable care. I agree with Justice Roberts' concurring opinion in *Wilson v. Howard Johnson Restaurant*, 421 Pa. 455, 219 A.2d 676 (1966) disapproving of the application of the doctrine to a business invitee. Justice Roberts' view did not carry the day, however, and the *Wilson* majority held that the hills and ridges doctrine applies to business invitees. Although I agree with appellant that the "hills and ridges" doctrine should not apply in this case, such change in the law must come from our Supreme Court.