## Gamble v. Beck

---

C.P. of Lycoming County, No. 13-02,818

*Robert B. Elion*, for plaintiffs.
*Daniel D. Stofko*, for defendant landlord.
*Gary Weber*, for defendant tenant.

GRAY, *J.*, Jan. 6, 2015—Before the court are two motions for summary judgment filed in a personal injury case involving a slip and fall on a patch of ice in a parking lot. On October 15, 2014, defendant Tyndale Enterprises, Inc. (Tyndale) filed a motion for summary judgment, contending that it does not owe a duty to plaintiffs for conditions in the parking lot. On November 10, 2014, defendants, Dennis P. Beck and Christine A. Beck, filed a motion for summary judgment contending no liability pursuant to the hills and ridges doctrine. Argument was held on November 26, 2014. Although argument on the Beck's motion was scheduled for December 30, 2014, the parties agreed to argue both motions on November 26, 2014. The parties submitted supplemental briefs and the matter is ripe for a decision.

## Factual Background

On December 26, 2012, upon exiting her vehicle, Lenora Gamble slipped and fell on a patch of ice in the parking lot at 60 West Southern Avenue in South Williamsport,

Pennsylvania. Lenora Gamble and her husband intended to shop at the Tyndale Store which is owned by the defendant Tyndale Enterprises, Inc. The Tyndale Store is situated in a strip mall owned by the defendants, Mr. and Mrs. Beck. The Tyndale Store moved to that location in June 2012. The Becks own the parking lot where Mrs. Gamble fell. The parking lot provides parking for customers of the business tenants at the strip mall. One of those businesses is the Tyndale Store.

On or about June 1, 2012, the Becks leased the premises to Tyndale for operation of their business known as the Tyndale Factory Store. Under ¶ 6 of the lease agreement, the Tenant is responsible for maintenance of the interior of the property and the landlord is responsible for maintaining the exterior of the property, including the parking area. At the time of the fall, the Becks had an informal agreement with the adjacent business owner to clear the snow from the parking lot. The Becks relied upon the adjacent owner to salt the lot when needed; the Becks occasionally salted the parking area as well.

At the time Mrs. Gamble fell on the ice, the manager of the Tyndale Store, Lisa Klein, was in the process of opening the store. Mr. Gamble requested that Ms. Klein call 911. Ms. Klein offered assistance and retrieved a sweatshirt to cover Mrs. Gamble until the ambulance arrived. According to Ms. Klein, this was the first instance of inclement weather since the store had moved to that location in June 2012. Prior to the fall, there had been no directive or discussions with respect to protocols for inclement weather. Ms. Klein had not been directed to

take any steps to maintain the parking lot. At the time of the fall, the Tyndale store did not have any salting or deicing materials on the premises. Since the date of the incident, Ms. Klein puts ice on the sidewalks and areas in the parking lot where the customers walk. After the fall, Mrs. Beck advised Ms. Klein to contact her about ice conditions.

The plaintiffs put forth evidence of the weather conditions at the time of the fall. Plaintiffs contend that there had been no precipitation for about 34 hours prior to the fall and that the day of the fall was nice and sunny. Plaintiffs put forth evidence that there were patches of ice throughout the parking lot at the time of the fall. Specifically, the plaintiffs contend that Mrs. Gamble fell on a large patch of ice, which covered an area big enough to hold three people.

## Conclusions of Law

### Summary Judgment

1. Pursuant to Pa. R.C.P. 1035.2, the court may grant summary judgment at the close of the relevant proceedings if there is no genuine issue of material fact or if an adverse party has failed to produce evidence of facts essential to the cause of action or defense. *Keystone Freight Corp. v. Stricker*, 31 A.3d 967, 971 (Pa. Super. Ct. 2011).

2. A non-moving party to a summary judgment motion cannot rely on its pleadings and answers alone. Pa. R.C.P. 1035.2; 31 A.3d at 971.

3. When deciding a motion for summary judgment,

the court must view the record in the light most favorable to the non-moving party, with all doubts as to whether a genuine issue of material fact exists being decided in favor of the non-moving party. 31 A.3d at 971.

4. If a non-moving party fails to produce sufficient evidence on an issue on which the party bears the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Keystone*, 31 A.3d at 971 (citing *Young v. Pa. Dep't of Transp.*, 744 A.2d 1276, 1277 (Pa. 2000).

Negligence — Landlord's Duty for Common Areas

5. Generally, landlord-tenant law provides the following.

[W]here the owner of real estate leases various parts thereof to several tenants, but retains possession and control of the common passageways and aisles which are to be used by business invitees of the various tenants, the obligation of keeping the common aisles safe for the business invitees is imposed upon the landlord and not upon the tenants, in the absence of a contrary provision in the lease or leases. *Leary v. Lawrence Sales Corp.*, 275 A.2d 32 (Pa. 1971)(citations omitted).

6. The Pennsylvania Supreme Court has recognized that — absent a lease agreement to the contrary — the landlord owes the duty to business invitees of the various tenants for the common areas of which the landlord retains possession and control. *Leary v. Lawrence Sales Corp.*, 275 A.2d 32 (Pa. 1971) (noting that the circumstances in that case were akin to those presented in the Restatement

of Torts, § 360.)

Negligence — Duty by an Undertaking

7. Even where a person would not otherwise be liable, Pennsylvania law has applied 324A of the Restatement (Second) of Torts to impose liability to third parties for negligent performance of an undertaking under certain circumstances. *Cantwell v. Allegheny County*, 483 A.2d 1350 (Pa. 1984); *Evans v. Otis Elevator Co.*, 168 A.2d 573 (Pa. 1961).

8. 324A of the Restatement (Second) of Torts provides the following.

§ 324A Liability to Third Person for Negligent Performance of Undertaking

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking. Restat 2d of Torts, § 324A.

9. "In order to be held liable under Section 324A, a defendant must have undertaken to perform a specific task, and must have performed that "undertaking" negligently." *Sheridan v. NGK Metals Corp.*, 2008 U.S. Dist. LEXIS 40926, 8-10 (E.D. Pa. May 21, 2008), citing, *Patentas v. United States*, 687 F.2d 707, 716 (3d Cir. 1982).

10. The Third Circuit Court of Appeals has indicated that the scope of the duty is measured by the scope of the undertaking. *Sheridan v. NGK Metals Corp.*, 2008 U.S. Dist. LEXIS 40926, 8-10 (E.D. Pa. May 21, 2008), citing, *Patentas v. United States*, 687 F.2d 707, 716 (3d Cir. 1982) and *Evans v. Liberty Mutual Insurance Co.*, 398 F.2d 665, 666-67 (3d Cir. 1968

Hills and Ridges Doctrine

11. The hills and ridges doctrine "protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087 (Pa. Super. 1997), citing, *Harmotta v. Bender*, 601 A.2d 837 (1992); and *Wentz v. Pennswood Apartments*, 518 A.2d 314, 316 (Pa. 1991).

12. Our Pennsylvania Supreme Court has indicated that the hills and ridges doctrine only applies to generally slippery conditions as a result of recent precipitation in the community and not to distinct patches of ice. *Tonik v. Apex Garages, Inc.*, 275 A.2d 296, 298 (Pa. 1971); *Williams v. Shultz*, 240 A.2d 812, 813 (Pa. 1968).

## Discussion

First, this court will discuss the summary judgment motion filed by Tyndale followed by a discussion of the summary judgment motion filed by the Becks. Tyndale is entitled to summary judgment. The court believes that plaintiffs and the Becks failed to put forth sufficient evidence of the existence of facts upon which to impose a duty upon Tyndale Enterprises, Inc. with respect to conditions in the parking lot. Absent a lease agreement to the contrary, the duty to maintain the common areas used for the benefit of multiple tenants, such as the parking lot, falls upon the landlord and not the tenants. *See, e.g., Leary v. Lawrence Sales Corp.*, 275 A.2d 32 (Pa. 1971) It is undisputed in this case that the lease agreement provides that the Becks, as landlords, were responsible for maintaining the common areas, including the parking lot. Nonetheless, the Becks argue that the tenants owed a duty arising from an undertaking by the manager of Tyndale Store to salt the parking lot where customers may be walking.

In Pennsylvania, a duty may arise from the assumption of an undertaking to perform a task. *See,* Restat 2d of Torts, § 324A. "In order to be held liable under Section 324A, a defendant must have undertaken to perform a specific task, and must have performed that "undertaking" negligently." *Sheridan v. NGK Metals Corp.*, 2008 U.S. Dist. LEXIS 40926, 8-10 (E.D. Pa. May 21, 2008)(citations omitted). In *Leary v. Lawrence Sales Corp.*, 275 A.2d 32 (Pa. 1971), the Pennsylvania Supreme Court concluded that the business tenant had not undertook control over

the common areas of the entrance and exit aisle to its grocery store in the market even though it directed staff to clean up the area near the check-out counter in their spare time. *Id.*, 275 A.2d at 36. After discussing the difficulty in quantifying what evidence was sufficient to show a voluntary assumption of duty, the court noted that the testimony was vague and did not show an agreement by the tenant to keep the area clean. *Id.* As such, there was insufficient evidence as a matter of law to impose a duty upon the tenant business.

Similarly, in *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085 (Pa. Super. 1997), the Superior Court considered whether the tenant had "created a duty to exercise reasonable care in salting and sanding its parking facility based upon the motel manager's voluntary undertaking to salt and sand parts of the motel parking lot." *Id.*, 704 A.2d at 1088. In that case, the manager had in fact salted and sanded parts of the parking lot, but the court concluded that the salting had not increased the hazards and no one had relied upon the salting. The court concluded that there was no duty created as a matter of law. *Id.*, 704 A.2d at 1089.

As in the cases cited above, this court believes that, as a matter of law, the Tyndale Store did not assume a duty to maintain the parking lot at the time of Lenora Gamble's fall. The only evidence produced to suggest that the Tyndale Store assumed such a duty in this case is an email written by the manager Lisa Klein. Ms. Klein wrote the email on July 31, 2013, over seven months after the fall. Taken in isolation, the present tense used in the email could raise an

issue of whether the manager used snow melt on any ice in the parking lot as needed at the time of the fall. However, when the email is read in conjunction with Ms. Klein's deposition, it is clear that Ms. Klein had not ever salted the parking lot prior to fall. After the incident, she started to salt areas in the parking lot where customers would be walking. As a result, no duty could have arisen at the time of the fall. Moreover, the evidence was vague, did not establish an agreement, and no evidence of reliance on such an undertaking was made. There was no evidence that the Becks believed that Ms. Klein had undertaken to salt the parking areas at the time of the fall or that they relied upon such an undertaking. As in *Leary*, where the landlord continued to employ a janitorial service to clean the area in question, the Becks continued to salt the lot occasionally themselves and believed the adjacent owner would salt the lot if he thought it was necessary.

As to the second summary judgment motion, the Becks contend that they could not be liable for the fall because of the hill and ridges doctrine. Under the hills and ridges doctrine, a property owner is not liable "for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087 (Pa. Super. 1997), citing, *Harmotta v. Bender*, 601 A.2d 837 (1992); and *Wentz v. Pennswood Apartments*, 518 A.2d 314, 316 (Pa. 1991). However, this doctrine only applies to generally slippery conditions and not distinct patches of ice. *Tonik v. Apex Garages, Inc.*, 275 A.2d 296, 298 (Pa. 1971);

*Williams v. Shultz*, 240 A.2d 812, 813 (Pa. 1968). In the present case, the plaintiffs have provided evidence that it was sunny and nice on the day of the fall and that there had been no precipitation for about 34 hours prior to the fall. Plaintiffs also provided evidence that plaintiff fell on a distinct patch of ice in the parking lot. As a result, the court concludes that the hills and ridges doctrine does not apply.

Accordingly, the court enters the following order.

### ORDER

And now, this 6th day of January, 2015, it is ordered and directed as follows.

1. Defendant, Tyndale Enterprises, Inc.'s summary judgment is granted.

2. Defendants Dennis P. and Christine A. Beck's motion for summary judgment is denied.