J-S18019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CLAUSE, FRANCIS A., JR., AND CLAUSE, PHYLLIS MARIE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| ACE HARDWARE CORPORATION D/B/A ACE | : | No. 2005 EDA 2020 |
| ------------------------------------ | : | |
| CLAUSE, FRANCIS A., JR., AND CLAUSE, PHYLLIS MARIE | : | |
| Appellants | : | |
| v. | : | |
| JOHN L. DOTTA & SONS CONTR, JOHN DOTTA, JOHN DOTTA CONTRACTING, MATT DOTTA, MARK DOTTA, LEVIN MANAGEMENT, AND LEVIN MANAGEMENT CORPORATION | : | |

Appeal from the Order Entered September 21, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s): C-0048-CV-2017-11526,
No. 2017-01314

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED AUGUST 30, 2021**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Francis A. Clause, Jr., and Phyllis Marie Clause (Plaintiffs, or the Clauses) appeal from the order of September 21, 2020 in Northampton County Court of Common Pleas granting the defense summary judgment motion and terminating their suit. We affirm in part and reverse in part. We deny Appellee Mark Dotta's Application to Strike. A Post-Submission Communication Under Pa.R.A.P. 2501(b), also filed by Mark Dotta, has been entered as a motion.[1] Inasmuch as it represents such, it is granted.

The Clauses filed a complaint arising from a slip and fall incident at an Ace Hardware store parking lot during heavy snow. Trial Ct. Order & Reasons, 5/15/20, at 2. Their initial complaint named Ace Hardware Corporation d/b/a/ Ace Hardware (Ace) but their amended complaint added several other defendants: "John L. Dotta & Sons Contr., John Dotta, John Dotta Contracting, Matt Dotta, and Mark Dotta," (the Dotta Appellees), Levin Management, and Levin Management Corporation (the Levin Appellees). *Id.* The Clauses' claims hinge on the duty for snow removal from the premises where the slip and fall occurred. *Id.* at 3-4. The trial court determined that Ace had no duty, as it did not own the property and its lease explicitly delegated snow removal to the owner, who delegated it in turn to a contractor. *Id.* at 3. Because the Levin Appellees (who own the property) hired the Dotta

---

[1] In this Communication per Pa.R.A.P. 2501(b), Appellee Mark Dotta notified this Court of *Always Busy Consulting, LLC v. Babford & Co.*, 247 A.3d 1033 (Pa. Mar. 25, 2021), which informs our application of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).

Appellees to handle snow removal, the Levin Appellees also had no duty. ***Id.*** at 4. The Levin Appellees' contract with the Dotta Appellees indemnified the Levin Appellees. ***Id.*** at 3-4.

The Dotta Appellees conceded their duty, but argued that there is no breach, as they were actively conducting snow removal on the morning of the alleged incident. Trial Ct. Order & Reasons at 4.

> Here, the facts establish that [the] fall occurred on January 23, 2016, in the midst of an ongoing storm which deposited a total of thirty inches of snow in the area. Plaintiff [Francis a. Clause, Jr.] testified that it was actively snowing at the time he fell and that the roads were snow[-]covered as he drove to Ace Hardware. Plaintiff testified that he called Ace Hardware prior to leaving his home and was aware that the store intended to close at noon due to the weather. When Plaintiff arrived at the shopping center, the lines in the parking lot were not visible due to snow accumulation. Plaintiff stated that it was snowing from the time he arrived at Ace Hardware until he drove home. Plaintiff testified that the snow was accumulating at the rate of a couple of inches in the hour before he went to the shopping center. Plaintiffs' brief also references surveillance video of the premises, showing snow removal at 8:00 a.m., 9:14 a.m., 9:53 a.m., and 11:04 a.m., with Plaintiff's fall occurring at 11:42 a.m.

Trial Ct. Order & Reasons at 4-5 (record citations omitted). The trial court granted summary judgment as to all defendants, finding no duty for all save the Dotta Appellees, and no breach because of the hills and ridges doctrine, as discussed below. ***See id.*** at 3-5.

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. ***Lackner v. Glosser***, 892 A.2d 21, 29 (Pa. Super. 2006).

We . . . find it instructive to reference the United States Supreme Court's interpretations of Fed.R.Civ.P. 56, a provision which [our civil procedure rules on summary judgment] closely track[ ]. The United States Supreme Court has held that where the non-moving party fails to adduce sufficient evidence to establish the existence of an element essential to his case and on which he bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court specifically noted that there is no express or implied requirement in Fed.R.Civ.P. 56 which requires a moving party to negate elements of the non-moving party's case prior to the non-moving party being required to introduce evidence. *See also Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) ("there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.").

We find the reasoning of the United States Supreme Court to be persuasive, and therefore adopt it. Thus, we hold that a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1042 (Pa. 1996).

[A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

*Payne v. Commonwealth Department of Corrections*, 871 A.2d 795, 800

(Pa. 2005) (citations omitted).

First, we note that the Clauses focus their argument on the facts and the trial court's application of the hills and ridges doctrine in granting defense summary judgment motions.  ***See, e.g.***, Clauses' Brief at 8-9.  Because it is sound and uncontested on appeal, we affirm the trial court's order as to all defendants/appellees save the Dotta Appellees.

> In order to recover for a fall on an ice or snow covered surface, [a plaintiff] must show:
>
> > (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

***Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.***, 828 A.2d 1114, 1117 (Pa. Super. 2003) (citation omitted).  In Pennsylvania, there is "a long[-]standing and well[-]entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations."  ***Morin v. Traveler's Rest Motel, Inc.***, 704 A.2d 1085, 1087 (Pa. Super. 1997) (citation omitted).  This is known as the "hills and ridges" doctrine.  ***Id.***

The trial court reports that the Clauses described the alleged hazard as a dangerous condition "created by a snow plow having pushed snow onto the sidewalk in front of Ace Hardware, obscuring the curb" where the fall occurred.

Trial Ct. Order & Reasons at 6. Nevertheless, the trial court treats the hazard as arising entirely from the heavy snowfall: "It is impossible and unreasonable to expect [the Dotta Appellees] to clear the entire premises simultaneously, while snow is still falling." *Id.* In this shift between the artificial condition alleged by the Clauses, and an entirely natural one created by quickly-falling snow, lies the trial court's error.

"[T]he 'hills and ridges' doctrine may be applied only in cases where the snow and ice complained of are the result of an **entirely natural accumulation**, following a recent snowfall . . . [because] the protection afforded by the doctrine "is predicated on the assumption that '[t]hese formations are [n]atural phenomena incidental to our climate.'" *Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 526 (Pa. Super. 2006) (citations omitted; emphasis in original). In *Harvey*, "evidence . . . suggests that the condition of the land was influenced by human intervention" and thus the ice slip causing the injury could not have been "the result of an **entirely natural** accumulation." *Id.* at 527 (emphasis in original). Thus, the hills and ridges doctrine did not apply to prevent liability. *Id.*

If the Clauses were complaining solely about the natural accumulation of snow, the trial court's reasoning would apply and we would affirm. The argument is, rather, that the Dotta Appellees **created** a dangerous condition by pushing snow over a yellow painted line intended to warn pedestrians of a step between a curb and a paved lower surface. They argue:

> The video clearly depicts that at 11:04 the snowplow pushed the snow in the parking lot onto the curb and sidewalk and obscured not only the yellow line, but also the demarcation at the end of the parking lot and the curb/sidewalk. As noted, the plowing also plowed over the yellow line making the yellow line invisible. The evidence further indicates that not only was the snow plowed, but [the Dotta Appellees] made an unnatural mound of snow on the sidewalk. [Clause] had to walk over that same mound which was not only an unnatural accumulation of snow that was plowed onto the sidewalk, but also obscured the edge of the curb/sidewalk area and the yellow demarcation line as described.

Clauses' Brief at 10. The yellow painted line itself constitutes a hazard warning, and if it is true that the Dotta Appellees obscured it by pushing snow onto it, then they have no recourse to the hills and ridges doctrine, because the hazard was not created by falling snow, but plowed snow. Thus, the trial court's summary judgment ruling is inconsistent with **Harvey** and with the Clauses' actual argument.

Because the trial court granted the Dotta Appellees' summary judgment motion based on the erroneous conclusion that the hills and ridges doctrine applied, and that the Dotta Appellees had no warning of the potential danger, whereas it appears that the accusation is that they affirmatively obscured a warning (to wit, the yellow paint), we cannot affirm that portion of the trial court's ruling.

The Dotta Appellees complain of deficiencies in the Clauses' Brief, including that its reproduced record includes material *dehors* the record. Dotta Appellees' Brief at 15-16; Application to Strike of 3/8/21, Renewed Application to Strike of 6/15/21. Because this Court finds the error below to be plain on the face of the trial court's own explanation of its reasoning, and

because this Court consulted the court record rather than the reproduced record, this request is denied as moot.

Order reversed as to the Dotta Appellees; order affirmed in all other respects. Dotta Appellees' Application to Strike denied. Dotta Appellees' Post-Submission Communication Under Pa.R.A.P. 2501(b) granted. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2021