J-S31018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELSA MERTIRA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMELBACK LODGE AND INDOOR | : | No. 1193 EDA 2022 |
| WATERPARK AND CMBK RESORT | : | |
| OPERATIONS, LLC | : | |

Appeal from the Order Entered March 31, 2022
In the Court of Common Pleas of Monroe County Civil Division at No(s):
002031-CV-2021

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.*

CONCURRING MEMORANDUM BY BOWES, J.:     **FILED JANUARY 24, 2023**

I am constrained to concur in the Majority's holding pursuant to the well-entrenched line of cases in which "the appellate courts of this Commonwealth have already applied the doctrine of hills and ridges to situations in which business invitees have fallen on ice[-]covered private parking areas or walks." ***Wentz v. Pennswood Apartments***, 518 A.2d 314, 316 (Pa.Super. 1986); ***see also Wilson v. Howard Johnson Restaurant***, 219 A.2d 676, 678 (Pa. 1966) (precluding liability where business invitee slipped and fell on an icy sidewalk in the "parking area" of a restaurant operating during freezing rain storm); ***Morin v. Traveler's Rest Motel, Inc.***, 704 A.2d 1085, 1087

_____

* Former Justice specially assigned to the Superior Court.

(Pa.Super. 1997) (holding summary judgment warranted against business invitee who slipped and fell in the ice-covered parking lot of a hotel despite evidence that business noticed the slippery conditions and unsuccessfully attempted to treat the property with salt); **Roland v. Kravoc, Inc.**, 513 A.2d 1029, 1032 (Pa.Super. 1986) (upholding summary judgment awarded against business invitee who slipped and fell in shopping center parking lot since "there were no ridges and elevations of ice that caused [defendant] to fall").

To my mind, the result here is largely compelled by the uncontroverted meteorological evidence in the certified record.[1]  **See** Amended Exhibit I to Motion for Summary Judgment, 3/3/22, at 1-12.  An expert report submitted by Appellees indicates that, throughout the community, "[f]reezing rain fell from approximately 3:30 PM through 8:00 PM EST with occasional freezing rain, freezing drizzle and/or sleet falling from approximately 8:00 PM EST through the end of the day." **Id**. at 5.  This conclusion is corroborated by the depositions of Appellant, her family members, and Appellees' representative, which uniformly indicated that precipitation was still falling at the time of Appellant's unfortunate accident.  **See** Motion for Summary Judgment,

---

[1] The fact that this case concerns conditions produced by natural precipitation precludes application of several exceptions to the doctrine. **Cf. Tonik v. Apex Garages, Inc.**, 275 A.2d 296, 298 (Pa. 1971) ("Where . . . a specific, localized patch of ice exists on a sidewalk otherwise free of ice and snow, the existence of 'hills and ridges' need not be established."); **Harmotta v. Bender**, 601 A.2d 837, 842 (Pa.Super. 1992) ("Nor is proof of hills and ridges required where an icy condition is caused by the defendant's neglect, as where a city maintains a defective hydrant, water pipe, drain, or spigot." (cleaned up)).

2/14/22, at Exhibit F at 28 (deposition of Appellant); *id*. at Exhibit G at 27 (deposition of Appellant's daughter Edita Mertira); *id*. at Exhibit H at 33 (deposition of Appellant's daughter Alba Mertira); *see also* Response in Opposition to Summary Judgment, 3/15/22, at Exhibit G at 30 (deposition of Appellees' representative Shawn Hilbert).

As the Majority has aptly noted, "a landowner has no duty to correct or take reasonable measures with regard to storm-created snowy or icy conditions **until a reasonable time after the storm has passed**." *Collins v. Philadelphia Suburban Dev. Corp.*, 179 A.3d 69, 76 (Pa.Super. 2018) (emphasis added); *see also Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.*, 828 A.2d 1114, 1117 (Pa.Super. 2003) (holding it was unreasonable to expect a landlord to clear a parking lot of accumulated snow by the "early morning" after an overnight storm). Since natural precipitation was still falling at the time of Appellant's accident, Appellees were not yet under a duty to address the slippery conditions.

Furthermore, while I generally disapprove of summary judgment entered before the completion of all relevant discovery, Appellees' arguable practices in clearing snow and ice on their property are of no moment pursuant to *Morin*, *supra*. Therein, a hotel was operating during a period of "freezing precipitation" and took notice of "the icy and slippery condition of the parking lot." *Id*. at 1086-87. The hotel voluntarily treated certain areas of the ice-slicked property with salt and sand, while leaving other portions of the parking

lot unmitigated. Ultimately, the plaintiff slipped, fell, and injured herself on an untreated patch. The trial court entered summary judgment in favor of the hotel based upon the hills and ridges doctrine. This Court upheld the ruling and concluded that a business that "voluntarily undertakes to salt and sand an icy area where no duty exists" does not create a duty merely by doing an incomplete job. *Id*. at 1088-89. Pursuant to *Morin*, any supplemental evidence regarding Appellees' regular practices in treating surfaces on its property for ice and snow would not create a material issue of fact as a matter of law.[2] *Id*.; *see also Collins*, *supra* at 76 (indicating no duty upon property owners to clear snow and ice produced by an ongoing storm).

Nonetheless, I must express my concern regarding the continued application of this doctrine to business invitees like Appellant. Indeed, my review of relevant case law has revealed a persistent uneasiness with respect to this specific issue amongst my fellow appellate jurists. *See Wilson*, *supra* at 679 (Roberts, J.; concurring) (declining to approve extension of the "ridged ice rule" to business invitees); *Morin*, *supra* at 1089-90 (Olszewski, J.; concurring) (objecting to the continue application of the doctrine to business

_____

[2] The alacrity with which Appellees were able to respond to Appellant's accident and treat the surrounding surfaces to permit an ambulance to access the scene seems fairly definitive regarding Appellees' ability to rapidly respond to problematic winter weather on its property. *See* Response in Opposition to Summary Judgment, 3/15/22, at Exhibit G at 67-70. Indeed, Appellees' representative reported observing such treatments taking place "at all hours of the day and night" on the grounds of the resort. *Id*. at 51.

invitees, noting: "I see no reason to shield private business owners from liability where an injured business invitee proves a business owner's failure to exercise reasonable care.").

As Judge Olszewski aptly wrote, the doctrine of hills and ridges was originally devised "to protect municipalities from unreasonable exposure to liability for injuries caused by climactic conditions." **Morin**, **supra** at 1089 (citing **Kohler v. Penn. Tp.**, 157 A. 681 (Pa. 1931)). Due to the "practical difficulty of maintaining vast areas of public land, it is sound policy to limit the liability of those responsible for the maintenance of such land." **Id**. However, "[i]n contrast, private business owners do **not** encounter the same practical difficulty maintaining their land." **Id**. (emphasis added).

Furthermore, private property owners typically owe a maximal duty of care to invitees. As this Court recently reiterated, "[t]he duty of care owed to a business invitee . . . is the highest duty owed to any entrant upon land. The landowner must protect an invitee not only against known dangers, but also against those which might be discovered with reasonable care." **Shellenberger v. Kreider Farms**, ___ A.3d ___, 2023 WL 29338 at *6 (Pa.Super. Jan. 4, 2023) (cleaned up). Moreover, such individuals enter a landowner's premises "with implied assurance of preparation and reasonable care for [her] protection and safety while [she] is there." **Treadyway v. Ebert Motor Co.**, 436 A.2d 994, 999 (Pa.Super. 1981). Finally, it is also well-established that "[i]n determining the extent of preparation to which an invitee

is entitled to expect to be made for his protection, the nature of the land and the purposes for which it is used are of great importance." *Id*.

From the certified record, it seems undisputed that Appellees operate a private business that is particularly susceptible to, and largely dependent upon, inclement winter weather occurring upon its property. Thus, it would seem reasonable and prudent to expect them to take some additional, affirmative effort to shield its patrons from such foreseeable hazards. Instead, application of the instant doctrine has evolved to such a point that our precedent incentivizes property owners like Appellees to take no action to protect their patrons until compelled to do so by necessity.[3]

Overall, private businesses in Pennsylvania are empowered to remain open for business to all potential invitees irrespective of potentially dangerous winter weather conditions. During such inclement time periods, businesses are not required to take any ameliorative actions until a "reasonable" time after natural precipitation ends. *See Collins*, *supra* at 76. Furthermore, businesses may not be held liable for incomplete or lacking attempts at

_____

[3] Indeed, current Pennsylvania law provides that private property owners who choose to respond quickly to accumulations of snow and ice upon their property may interfere with natural processes of precipitation and freezing, thereby exempting them from the protections of the hills and ridges doctrine. *See Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 527 (Pa.Super. 2006) (concluding that the doctrine was inapplicable where formation of black ice on a roadway was "influenced by human intervention," *i.e.*, early-morning snow plowing undertaken in response to an overnight snow). Thus, private property owners are not only exempted from swift action in this specific context, they are arguably encouraged to rest upon their laurels.

treating slick surfaces during the same period of time. ***See Morin***, ***supra*** at 1088-89. Despite the axiomatic, heightened duty of care applicable to business invitees, when the snow begins to fall, Pennsylvania law largely leaves such individuals out in the cold. While I join my past brethren in questioning the continued wisdom of this legal paradigm, I am constrained to agree that it controls the result of the instant case.

Based on the foregoing, I reluctantly concur.